MCGOVERN v. BENNETT.

1. BROKERS—SALE BY PRINCIPAL—RIGHT TO COMMISSIONS.
   Where a landowner who has employed a broker to sell lands on commission, knowing that the broker is negotiating for a sale with a certain person, cancels the broker's authority, and himself effects a sale to that person by abatement of the price, the broker is entitled to his commission.[1]

2. TRUSTS—CONTRACTS BY TRUSTEE—LIABILITY OF TRUSTEE.
   Defendant, being a joint trustee and one of the executors of a

[1]On the question of real estate broker's commission, as affected by the negligence, fraud, or default of the principal, see note to *Brackenridge* v. *Claridge & Payne* (Tex.), 43 L. R. A. 593.

will, contracted with plaintiff for plaintiff's services as broker in selling certain lands belonging to the estate. His letters were signed "Henry Howard Estate, by A. D. Bennett, Trustee." *Held,* that defendant was personally liable for plaintiff's commissions, and that he could not avoid liability by showing that he was in fact contracting as the agent of a partnership composed of the heirs of the estate.

3. BROKERS—ACTION FOR COMMISSIONS—RECOVERY ON COMMON COUNTS.

An agreed commission for selling land may be recovered on the common counts, though the broker is wrongly discharged and the sale completed by the owner.

4. SAME—COMMISSIONS—AMOUNT RECOVERABLE.

Where it is agreed that the commission for selling certain lands for $75,000 shall be $2,000, and the broker is wrongly discharged and the sale completed by the owner by abatement of the price, the broker's commission cannot exceed $2,000.

Error to St. Clair; Law, J. Submitted November 15, 1906. (Docket No. 172.) Decided December 3, 1906.

Assumpsit by Thomas McGovern against Albert D. Bennett for commissions on the sale of land. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Cady & Crandall* (*M. F. McDonald*, of counsel), for appellant.

*Phillips & Jenks*, for appellee.

CARPENTER, C. J. Plaintiff brings this suit to recover commissions for the sale of certain lands situated in Chippewa county in this State. The case was tried in the lower court before a jury, and a verdict directed in defendant's favor. The question for us to determine is whether or not that direction was correct. The material facts are as follows (we state those facts, as we should, most favorably to plaintiff) :

Henry Howard died testate May 25, 1894, owning the

lands in question. Howard's will, which was duly probated, made defendant one of his executors and a joint trustee of certain of his property. After Howard's death, plaintiff, who resided at Sault Ste. Marie, and defendant, who resided at Port Huron, carried on a correspondence relative to the sale of these lands. The letters of defendant were written on paper headed "Henry Howard Estate, A. D. Bennett, E. E. Howard, Trustees," and they were signed "Henry Howard Estate, by A. D. Bennett, Trustee." We quote from one of those letters written July 6, 1894:

"Have written the Torrent people offering them the entire tract [this included the land in question and other land] for $90,000. The cut in price of $10,000 is made in order to close up the estate of Henry Howard. If a sale is made to them or you make a sale, I will allow you $2,500 commission. Hoping at this price you will find a purchaser at once."

We quote from another of those letters written December 19, 1894:

"The balance of the tract, 18 million [this is the tract for the sale of which commission is claimed] you may offer for $75,000 and we will allow you $2,000 commission if you sell at this price. We are very sorry that you have not been more fortunate in making a sale of this, and hope you may be more successful in the near future."

March 25, 1895, plaintiff wrote defendant:

"I am about to get Mr. Frank Perry of the Soo to look the lower tract of your land." (This was the tract Perry subsequently purchased.)

Before writing this letter plaintiff had talked with Perry many times about making this purchase. After writing it, he took Perry on the land, furnished him plats, and gave him defendant's address. A few days later, early in April, 1895, Perry went to Port Huron to see the defendant. April 17, 1895, defendant wrote plaintiff that:

"We have taken our timber lands out of the market."

May 15, 1895, defendant sold the land for $65,000 to
said Perry, and to the Hall & Munson Company [with
whose president and general manager plaintiff had talked
"with reference to the purchase of these lands from 10 to
15 times."]  At the time this sale was made, defendant
was one of two joint trustees of certain property under the
will of the Henry Howard Estate.   Defendant testified in
substance that " Henry Howard Estate, by A. D. Bennett,
Trustee " was the name of a partnership composed of Mrs.
Howard, E. Louise Bennett (defendant's wife) and John
H. Howard, and that he (defendant) in dealing with plain-
tiff was acting as the agent of said partnership, but that
he did not disclose those facts to plaintiff.

Defendant contends that the correspondence did not
obligate any one to pay plaintiff a commission for the sale
of these lands except in the event of a sale at a stipulated
price, and that if it did, that obligation was imposed, not
upon defendant, but upon the partnership known as "The
Henry Howard Estate."   We will consider each of these
questions separately.

1.  Did the contract impose an obligation upon any one
to pay plaintiff commissions for the sale of this land ?   It
is quite clear that if plaintiff had effected a sale to the
Hall & Munson Company and Perry for $75,000, he
would have been entitled to a commission of $2,000.   It
is equally clear that the jury could have found that de-
fendant, knowing that plaintiff was negotiating with
Perry, canceled his authority, and himself effected the
sale by an abatement of the price.   That finding would
entitle plaintiff to his commission under the decision of
*Heaton* v. *Edwards,* 90 Mich. 500.   It follows that
whether plaintiff was entitled to commission was a ques-
tion of fact to be submitted to the jury under proper in-
structions.

2.  Is defendant, or is the partnership responsible for
this commission ?   There is no suggestion in the corre-
spondence between the parties that the " Henry Howard

Estate" was a partnership for which defendant was an agent. That correspondence clearly indicates that defendant was acting as the trustee of the estate of Henry Howard, deceased, and it must be presumed that plaintiff entered into the contract, and brought this suit upon that assumption. It is true that the letters are signed "Henry Howard Estate, by A. D. Bennett, Trustee," and not "A. D. Bennett, Trustee of the Estate of Henry Howard," but this is utterly unimportant, for the inference that defendant acted in the capacity of trustee of the estate is unavoidable. The relation of principal and agent does not exist between those interested in a trust and the trustee. The slightest reflection will make it clear that in such cases no authority to act as an agent is ever given. It follows that defendant by contracting as trustee contracted as principal, and made himself personally liable for the commission in this suit. See *Packard* v. *Kingman*, 109 Mich. 497, and cases there cited; *Lothrop* v. *Duffield*, 134 Mich. 485. See, also, *Jones* v. *Dawson*, 19 Ala. 672; *Johnson* v. *Leman*, 131 Ill. 609 (7 L. R. A. 656); *Truesdale* v. *Insurance Co.*, 63 Minn. 49; *Mitchell* v. *Whitlock*, 121 N. C. 166; *Worrall* v. *Harford*, 8 Ves. 4; *Strickland* v. *Symons*, L. R. 26 Chan. Div. 245; 3 Pomeroy on Equity Jurisprudence, § 1085. One who contracts as principal cannot escape liability, certainly not after a suit is brought, by proving that he was acting as an agent. *White* v. *Boyce*, 21 Fed. 228; *McKown* v. *Gettys*, 25 Ky. Law Rep. 2070.

We affirm, in answer to what we conceive to be a denial in defendant's brief, that plaintiff had a right to recover his commission (which was really agreed compensation for services rendered) under the common counts in assumpsit. It is proper that we should state as a rule to be applied on a retrial of this suit that if plaintiff recovers, his commission will be, not as he claims, the customary one of 5 per cent., but the $2,000 mentioned in the correspondence. That is the amount to which he was entitled had a sale been made for $75,000. He is clearly not en-

titled to more when the property was sold for $65,000. His recovery cannot exceed the $2,000, and interest thereon.

Judgment reversed, and a new trial ordered.

Montgomery, Ostrander, Hooker, and Moore, JJ., concurred.