### McGOVERN v. BENNETT.

BROKERS—COMMISSIONS—ACTION—EVIDENCE—ADMISSIBILITY.

Where, in an action by a real estate broker to recover commissions on the sale of timbered lands, a letter in evidence withdraws from plaintiff the right to sell a part of the tract but continues the right to sell the balance at the price stated in the letter, defendant cannot complain of the admission of a prior letter and postscript by which defendant was notified that plaintiff was endeavoring to sell the lands to one of the parties to whom defendant afterwards sold part of them.

Error to St. Clair; Law, J. Submitted April 9, 1908. (Docket No. 12.) Decided May 1, 1908.

Assumpsit by Thomas H. McGovern against Albert D. Bennett for commissions on the sale of land. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Phillips & Jenks*, for appellant.

*Cady & Crandall* (*M. F. McDonald*, of counsel), for appellee.

MOORE, J. This case has been here before. It is reported in 146 Mich. 558. In his opinion Justice CARPENTER made a somewhat detailed statement of the case made on the part of the plaintiff and a reference to his opinion will make a long statement unnecessary here. The case was again tried in the circuit court. The jury returned a verdict in favor of plaintiff for $2,000 and interest. A motion was made for a new trial, which motion was overruled, the trial judge stating at length in writing his reasons. The case is brought here by writ of error.

To properly appreciate some of the assignments of error, it will be necessary to quote the letter referred to by Justice CARPENTER in full. It is as follows:

"Port Huron, Mich., December 19, 1894.
"Mr. Thomas McGovern,
        "Sault Ste. Marie, Mich.
 "*Dear Sir:*  Regarding our timber lands near Rexford, known as the ten million tract, will say that our loss on the same is going to amount to so much that we cannot afford to pay any commission on the sale of the same, and the chances are now, we will be compelled to lumber it. The balance of the tract, eighteen million, you may offer for $75,000, and we will allow you $2,000 commission if you sell at this price.  We are very sorry you have not been more fortunate in making a sale of this, and hope you may be more successful in the near future.
                "Henry Howard Estate,
                        "A. D. Bennett, Trustee."

Several assignments of error are made, some of them stated in the requests to charge, which revolve about the proposition that plaintiff had not shown such a state of facts as entitled him to the commission mentioned in the letter.   The case made by the plaintiff upon this trial was substantially the same as that stated by Justice Carpenter.   It was contested by defendant.   This made the case a proper one for the jury under the opinion when the case was here before.

A group of assignments relate to the admission of correspondence of earlier date than December 19, 1894.   It is apparent from the letter of December 19, 1894, that prior to that date plaintiff had these lands for sale and also had the ten million tract.   The letter withdraws from him the right to sell the ten million tract but continues the right to sell the balance of the tract at the price stated in the letter.

The latter part of the letter recognizes that plaintiff was then endeavoring to sell the land and expresses regret that he has not been more fortunate in making a sale. We do not need to express an opinion as to whether all of the previous correspondence was admissible as the court excluded all of it except one letter and one postscript. Both of these communications notified defendant that plaintiff was trying to sell the lands to one of the parties

to whom the defendant afterwards sold part of them.    If there is any one who has a right to complain of the ruling of the court in relation to the correspondence it was not the defendant.    The law of the case was declared when the case was here before.    The trial court kept well within the opinion therein.

Judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.