Richards, J.
Henry H. Ellison and others, partners, doing business as John B. Ellison & Sons, began an action in the court of common pleas, in which they filed a third amended petition against Ernest H. Witker, claiming judgment in the amount of $669.49. A demurrer to the third amended petition was overruled and an answer and reply filed. The trial resulted in a verdict *234 and judgment in favor of the plaintiffs for the amount claimed.
The bill of exceptions shows that one August E. Ziegler had been engaged in business as a tailor in the city of Toledo and that in 1913 his business had become so unsuccessful that he applied to his relatives for assistance. The indebtedness which he was then carrying was about $2,000, and various relatives, including Witker, executed, notes for him to provide for the payment of his indebtedness. Thereafter the business was continued with the arrangement that Ernest H. Witker should act as trustee for Ziegler, and should receive the funds derived from the business and deposit the same in the 'bank in the name of Witker as trustee, and should pay claims from this fund. Ziegler continued the business for a considerable period of time after this arrangement was made, and accounts were opened, using the same books that Ziegler had theretofore used, but leaving a blank space after the time when Ziegler had constituted Witker trustee. The moneys were deposited in the bank, as provided, in the name of Witker, as trustee, and from this account various payments were made. Among other payments that were made was the indebtedness represented by the notes, amounting to some $2,000, which had theretofore been given for the prior indebtedness, upon which Witker was liable.
While the business was being so continued, and while Witker was acting as trustee for Ziegler, goods were purchased of John B. Ellison & Sons and charged to Witker as trustee, the various items amounting to $1,341.73. Upon this account Wit *235 ker as trustee made two payments, one of $500 and one of $172.24, leaving the balance claimed in plaintiffs’ third amended petition.
Ultimately Ziegler was taken seriously ill and the business was closed - up by Witker, and the assets of Ziegler proved to be insufficient to pay the indebtedness of various creditors.
While several grounds of errors are assigned in ■this- case, on which it is claimed that the judgment in favor of Ellison & Sons should be reversed, the ■real and only question of law at issue is whether Witker is personally liable for the claim of Ellison & Sons. After a careful examination of the authorities we have no doubt of this liability. The general principle is laid down in 39 Cyc., 333, in the following language:
“Acting within the limits of his powers, a trustee may create contractual obligations enforceable against the trust estate, such as for goods, supplies, and services, where the trust contemplates the -carrying on of the settlor’s business by the trustee, .or where the trust is for the support and maintenance of the beneficiaries.. To render the estate liable, however, it must be shown that the trustee acted within the scope of his powers, and that the articles furnished were realty for the use and benefit of the trust estate; and the trustee may and should, in making- contracts, expressly stipulate that the trust estate, and not he, shall be liable thereon, for, in the absence ' of such an express agreement absolving him from liability, a contract ■made by him is binding on, and enforceable against, him alone.”
We suppose it to be well settled that the contracts of guardians, administrators and other trus *236 tees, though made in the execution of the trust, impose upon them a personal liability in the absence of a stipulation relieving them therefrom. It was manifestly contemplated by Ziegler and Witker that the business should • be continued, and that in the continuance of that business it would, of course, be necessary to buy additional goods. Ellison & Sons were justified in charging these goods to Witker, as trustee, and on the claim so made Witker would be personally liable.
In addition to the authority already cited we call attention to Truesdale v. Philadelphia Trust, Safe Deposit & Insurance Co., 63 Minn., 49; McGovern v. Bennett, 146 Mich., 558; Knipp v. Bagby, 126 Md., 461, and Taylor v. Davis’ Admx., 110 U. S., 330.
In view of these authorities we reach the conclusion that Witker became liable for the goods sold by Ellison & Sons.
Independent of the fact of the sale to Witker, as trustee, the record discloses that Witker, as trustee, used the funds in the bank in his name as trustee, derived from the sale of goods made subsequent to the time that he became trustee, in payment of the preexisting indebtedness evidenced- by promissory notes on which he was personally liable, and this fact is of vital importance in determining the liability of Witker.
The judgment of the court of common pleas will be affirmed.

Judgment affirmed.

Kinkade, J., concurs.
Chittenden, J., not participating. - -