JAMES H. REES and ENOS AYRES

*v.*

HARMON SPRUANCE.

1. BROKERS — *contract.* If the owner of property engages a broker to assist him in making a sale thereof, and stipulates that no commissions shall be paid unless a certain price is procured, such contract would of course be the measure of the rights and obligations of the parties. If the broker does not find a purchaser who will give the price fixed, he does not earn his commissions. If he does find one thus willing, he would be entitled to his commissions, and the owner of the property could not defeat his claim by voluntarily selling to the purchaser thus found, at a less price.

2. But a broker who has acted under such a contract must, in order to maintain an action for his commissions, prove that he had found a purchaser ready to give the required price.

3. If the owner of property employs a broker to make sale, or to find a purchaser, without any special agreement as to commissions, although he may name the price at which the property is to be sold, and authorizes its sale only at that price, yet if the broker finds a purchaser to whom the owner decides to sell at a less price, the broker would undoubtedly be entitled to compensation for the services rendered.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action brought by the plaintiffs against the defendant to recover commissions on the sale of real estate. The verdict and judgment were against the plaintiffs. The case

is brought to this court by writ of error.    The facts appear in the opinion.

Mr. F. PULVER, for the plaintiffs in error.

Mr. E. W. EVANS, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Rees and Ayres against Spruance, to recover commissions for the sale of real estate. The plaintiffs put the defendant on the stand as a witness, who testified that he told Rees, who met him on the street and inquired of him in regard to the property (a house on Wabash avenue, in the city of Chicago), that he would sell it so as to net him $20,000; that if Rees could sell it for $20,500, he might have the $500; that this was the only conversation he ever had with Rees on the subject; that some months thereafter he sold the property to Mr. Gridley for $19,500; that Mr. Gridley came to his house in the evening, and said he had come from Rees, from whom he had learned the property was for sale; that he knew Rees was a real estate broker, and kept an office for the sale of real estate, but he never authorized him to sell this property.

The plaintiffs asked the following instruction:

"The jury are instructed, that, if the defendant placed the property sold in the hands of the plaintiffs for sale, or gave them authority to sell, and that afterward a purchaser was sent by the plaintiffs to defendant, with whom defendant made a bargain for the sale of the property, and to whom it was actually sold, that then the plaintiffs are entitled to their commissions."

This instruction the court refused, but instead thereof gave the following:

"The jury are instructed, that, if they believe, from the evidence, the defendant placed the property sold in the hands of the plaintiffs for sale, without any special agreement as to

terms, and that afterward, and while it was so in plaintiffs' hands, a purchaser was sent by plaintiffs to defendant, with whom defendant made a bargain for the sale of the property, and to whom it was actually sold, that then the plaintiffs are entitled to their commission upon such sale, provided that there was no express agreement or understanding between defendant and plaintiffs as to the terms upon which the sale should be made."

If the owner of property engages a broker to assist him in making a sale thereof, and stipulates that no commissions shall be paid unless a certain price is procured, such contract would of course be the measure of the rights and obligations of the parties. If the broker does not find a purchaser who will give the price fixed, he does not earn his commissions. If he does find one thus willing, he would be entitled to his commissions, and the owner of the property could not defeat his claim by voluntarily selling to the purchaser thus found, at a less price. Such an act would be a fraud upon the broker. But the broker who has acted under such a contract must, in order to maintain an action for his commissions, prove that he had found a purchaser ready to give the required price.

But if the owner of property employs a broker to make sale, or to find a purchaser, without any special agreement as to commissions, although he may name the price at which the property is to be sold, and authorize its sale only at that price, yet, if the broker finds a purchaser to whom the owner decides to sell at a less price, the broker would undoubtedly be entitled to compensation for the services rendered. Such compensation might be less than the full commissions of brokers, who have sold at the full price demanded by the owner, but the broker has nevertheless rendered the owner a service in finding him a purchaser whom he chose to accept, and should receive a reasonable compensation, unless precluded by the terms of his contract of employment.

Although the instruction given in this case was not as precise as it should have been, we do not think, on an examination

of the evidence, it can have misled the jury. It laid down no incorrect rule, and can only be objected to as not being sufficiently specific. But, on examining the evidence, we find there was no employment of the plaintiffs as brokers. The witness expressly denies that, and says he merely told Rees, on the street, he might have all he could get for the property, over a certain sum. This offer he would doubtless have made to any one, and it did not amount to an employment of the services of the broker. If the plaintiffs had proven that the purchaser sent by them to the defendant was ready to give more than the $20,000, he would have been entitled to recover such excess, as his commissions. But no proof of that sort was made, and the property was actually sold for $500 less than the price named to the broker. We can not hold that a mere proposition of this sort, made upon the street, in reply to a question asked by a broker about the price of a certain property understood to be for sale, amounts to an employment of the broker, so as to entitle him to commissions on whatever price the property might bring. The defendant, it is true, found a purchaser through information furnished by the broker, and would seem to be under a moral obligation to give him a reasonable compensation for the services thus rendered; but, as he had never employed him, the obligation is of that imperfect character which the law can not enforce. The judgment must be affirmed.

*Judgment affirmed.*