# Mathis *v.* Carpenter.

*Motion for Summary Judgment against Sheriff and Sureties.*

1. *Appointment of deputy by sheriff, and proof thereof; filing oath of office.*—A sheriff may be held liable for the default of a third person as his deputy, although he denies the fact of appointment, on proof of the performance of official acts by the person claiming to be a deputy, with his knowledge and in his presence, and his subsequent recognition of such acts; and the fact that the deputy's oath of office was filed in the office of the clerk of the City Court, instead of the judge of probate (Code, § 253), does not affect the question of the sheriff's liability for his official acts.

2. *Official bonds of sheriff as evidence.*—In an action (or summary proceeding) against a sheriff and the sureties on two official bonds given by him, pleas being filed by all of the defendants jointly, the bonds can not be excluded from the jury as evidence because two of the sureties on the first bond were not on the second.

3. *Bond of indemnity, as justifying or requiring levy.*—When an attachment is placed in the hands of a sheriff to be levied, a bond of indemnity given, and property pointed out which is *prima facie* subject to levy, he may nevertheless refuse to make the levy, if he is satisfied that the property is not liable; but proof of these facts makes out a *prima facie* case of liability against him, and imposes on him the *onus* of proving that the property was in fact not subject to levy.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This was a motion by G. H. Mathis against L. P. Carpenter as sheriff, and Wiley Carpenter, W. M. Hyatt, J. F. DeArman, J. B. Palmer, J. C. Watson, and Jas. E. Watson, as sureties on his official bonds; and was commenced on the 5th July, 1890. The cause of action was the sheriff's failure to levy an attachment, which the plaintiff had sued out against one C. Roberts, his tenant, on certain goods, furniture and effects in the rented house, and which were pointed out to him as subject to levy, and a bond of indemnity given to procure the levy. The attachment was sued out on the 7th December, 1889, for the unpaid rent of a dwelling-house, and was placed in the hands of one C. F. Porter, as a deputy of the sheriff, to be levied; but no return of its levy, or failure to find property subject to levy, was ever made. Carpenter, the sheriff, denied that he had ever appointed Porter as his deputy, and Caldwell, his principal deputy, testified that he had appointed Porter "on his own account;" while the plaintiff adduced evidence of repeated official acts performed by him as deputy, and the sheriff's recognition of them. The plaintiff offered in evi-

[Mathis v. Carpenter.]

dence the oath of office as deputy taken by Porter, but the court excluded it as evidence, because it had been filed in the office of the clerk of the City Court, instead of the judge of probate; to which ruling the plaintiff excepted. The sheriff had executed two official bonds, the first being signed by all of his six co-defendants as sureties; and the other, which was required at the instance of DeArman and Palmer, who asked to be discharged from further liability, was signed by the other four defendants. The plaintiff offered both of these bonds in evidence, but the court excluded the first, on objection by the defendants, "on the ground that it had ceased to be the official bond of said Carpenter before the commencement of said attachment suit;" to which ruling plaintiff excepted. Roberts, the defendant in attachment, was allowed to testify, against the objection and exception of the plaintiff, that he had no property which was subject to levy under the attachment; and he further testified, that the furniture in his house belonged to his wife, .and that he paid Porter $25 not to remove it under the levy. It was proved that Porter had absconded. This being "substantially all the evidence," and a jury having been waived, the court rendered judgment for the defendants. The plaintiff appeals, and assigns as error the judgment of the court and the several rulings on evidence above stated.

MATTHEWS & WHITESIDE, for appellant.

CALDWELL & JOHNSTON, contra.

COLEMAN, J.—Appellant as plaintiff moved for a summary judgment against the defendant Carpenter, as sheriff, and his sureties, for failing to levy an attachment. The averments of the motion are, that the writ of attachment was placed in the hands of the sheriff, property pointed out to him as belonging to the defendant in attachment, and that the sheriff was duly indemnified to make the levy. The defendants' pleas were three in number : 1st, that the writ was not received by him, or any one authorized to receive it ; 2d, that defendant had no property subject to levy under the attachment; and, 3d, the same could not have been executed by the exercise of due diligence.

The proof is ample to show that the sheriff, Carpenter, was liable for the acts of C. F. Porter as his deputy. The testimony of the clerk of the court showed that Porter acted as the deputy-sheriff in the presence of the sheriff; that he was in the habit of receiving all kinds of process; that in

fact he receipted for executions in the name of the sheriff, by him as deputy, collected money on executions, made due return of the collections in the name of the sheriff, and was generally understood to be the deputy-sheriff. To the same effect is the testimony of certain attorneys, who practiced in the court ; and in regard to the particular writ of attachment, upon inquiry being made of Caldwell, whom the sheriff acknowledges to have been his regular deputy-sheriff, was referred by him to Porter as the officer who had the writ for execution. There is other evidence, also, sufficient to satisfactorily show that Porter was recognized by the sheriff as his deputy.

The pleas are framed jointly for all the defendants, and there is no plea which justified the exclusion of either bond executed by the sheriff, although some of the defendants were sureties upon one bond, who were not sureties upon the other.

Section 3951 of the Penal Code imposes a penalty upon any officer required by law to file an oath of office, who enters upon the duties of his office without first taking and filing such oath in the proper office. The fact that Porter filed his oath of office with the clerk of the court, instead of the probate office, did not relieve the sheriff of his liability for the acts of Porter as his deputy, if the evidence otherwise satisfactorily showed that he, Porter, represented himself as deputy-sheriff, and acted as such with the knowledge and consent and approbation of the sheriff; and if the evidence is credible, there can be but little question of the existence of these facts.—*Joseph v. Cawthorn*, 74 Ala. 414.

That property in the possession of the defendant, apparently subject to levy, was pointed out, and an indemnifying bond executed to the sheriff, is fully proven. The witness Roberts, the defendant in the attachment suit, testified that in fact the attachment was levied by the deputy-sheriff, so far as to take control of the property, and for a consideration of twenty-five dollars paid to the deputy by him the possession was released; but there was no entry of any levy entered on the writ of attachment or elsewhere.

The second and third pleas presented a good defense to the action.

An indemnifying bond is intended for the protection of the officer. Under our statute, no additional duty is imposed upon the officer because he has been indemnified. A bond of indemnity does not devolve upon a sheriff to commit a trespass, or do an illegal act. In no event can it do more than shift the burden on him to show that the prop-

[Dunton v. Keel.]

erty was not subject to levy. The evidence showed that the debt upon which the attachment issued was for rent of a dwelling, and the property pointed out was furniture in the rented house apparently in the possession of the tenant. *Prima facie*, the officer was liable for not making the levy, but he was not absolutely liable. If the property did not belong to the tenant—if it was not subject to levy by attachment—the plaintiff suffered no injury, and sustained no damage. Under the facts proven by the plaintiff, *prima facie* the property was liable, and the burden rested upon the sheriff to prove his defense, by showing that the property was not subject to levy under the attachment.—*Mason v. Watts*, 7 Ala. 705; *Leavitt v. Smith, Ib.* 181; *Winter v. Bigelow*, 9 Por. 483; *Smith, Stewart & Co. v. Castellow*, 88 Ala. 355; *Abbott, Downing & Co. v. Gillespy*, 75 Ala. 184; *Williams v. Strobach*, 59 Ala. 493; *Governor v. Campbell*, 17 Ala. 569. There was no error in admitting such testimony.

Section 12 of the act establishing the City Court of Anniston (Acts of 1888-9, p. 569) provides that, in cases of appeal, if there be error, the Supreme Court shall render such judgment as the court below should have rendered, or reverse and remand the same for further proceedings, as shall be deemed right. Although there is proof tending to show that the property pointed out to the sheriff may not have been subject to levy under the attachment, the real contest seems to have been rested upon other grounds, The rulings of the trial court were not in accord with the principles here declared, and we are of opinion that the ends of justice would be better promoted by a reversal of the case.

Reversed and remanded.