Mr. Justice Shepard
delivered the opinion of the Court:
The effect of the reservation by Bryan of the right to sell on his own account, and free of charge for commission, to a purchaser not procured by Abert, was simply to make express that which the law implies in all cases where the owner merely authorizes a broker, or any number of them, to find him a purchaser. Wylie v. Bank, 61 N. Y., 415.
It has been conceded, and the proof plainly shows, that the purchaser was found by Abert, and that he was the “ procuring cause ” of the commencement of the negotiations which resulted in the sale. Were it not for the question of the effect of the want of notice or knowledge by the owner when *187 he negotiated the sale, that the agent of the purchaser was the same person with whom his agent had been in negotiation, there would be little difficulty in the case. For it is well settled that where the owner fixes a price and contracts with an agent to sell thereat, who enters into negotiation with a probable purchaser, and the owner, with knowledge thereof, himself enters into negotiations with the same person and voluntarily reduces his price, or otherwise changes the terms of sale given to his agent, without notice to him, or abandonment of the effort on his part, and thus effects a sale.in person, the agent is nevertheless entitled to a reasonable commission for his labor and services. Jones v. Adler, 34 Md., 440; Stewart v. Mather, 32 Wis., 344; Keys v. Johnson, 68 Pa. St., 42 ; Coleman v. Mead, 13 Bush, 358 ; Anderson v. Cox, 16 Neb., 10; Lawrence v. Atwood, 1 Bradw. (Ill.), 217 ; Lincoln v. McClatchie, 36 Conn., 136. Any other rule might work great injustice to an agent by placing it within the power of his principal to avail himself of his services in finding the purchaser, and then to defeat his claim to compensation by reducing the price in an amount less even than the customary or agreed commission would amount to. One party to a contract cannot, by rendering it impossible for the other to carry it out, set up the failure in bar of his right to recover compensation for a partial performance, or for the value of time and effort expended in a bona fide effort to perform. U. S. v. Peck, 102 U. S., 65.
The plaintiff testified to the actual knowledge by the defendant of his agency in procuring the purchaser before the contract of sale was made, and there are some strong corroborating circumstances in support of the truth of his statement. But defendant as positively denied this knowledge until after the sale had been closed. As the question with respect to the truth of these conflicting statements was taken from the jury by the charge of the court informing them that proof of knowledge was not necessary to plaintiff’s right to recover, we must consider the case as if the jury had in fact-found that the defendant did not have this knowledge before making the contract of sale.
*188 If Bryan made the sale to Miss Litchfield without actual' knowledge that Abert was the procuring cause of the negotiation between them, is he nevertheless liable in this action?' The jury were told that he was, and were left no other alternative than to return a verdict against him for some amount at least. Was this charge correct? " The answer is not a. ready one; but after a careful consideration of the principle involved, and the authorities bearing thereon, we are constrained to hold that it was. The situation of the parties was not exactly equal. Justice seems to be on the side of the plaintiff. Defendant knew, when approached by the agent of Miss Litchfield, that plaintiff was endeavoring to find a purchaser at the price given him, and had made an attractive plat of the lots to assist in the effort. It does not appear that he himself had advertised the property or hunted a purchaser. According to his own evidence, he saw plaintiff and talked with him immediately after Miss Litchfield’s agent had left him, and yet did not mention the negotiation to-plaintiff. For aught that he knew, plaintiff might continue his efforts to find a purchaser. He ought to be presumed to-know that if he availed himself of plaintiff’s services and made a sale to a purchaser actually found and stimulated to the purchase by plaintiff, he could not escape paying the reasonable value of his services by rendering it impossible for plaintiff to perform the actual contract. Knowing that he had not himself found the purchaser, it would seem reasonable to impose upon him the duty to inquire of the proposed purchaser if plaintiff had anything to do with causing his inquiry and proposition to purchase. Had he inquired of the purchaser, we must presume that he would have learned the truth. Learning it, he might have protected himself, either in fixing his price, or by notice to and some-additional understanding with plaintiff. Having failed in this regard, is it not just and reasonable that he, rather than the unoffending agent, should be made to suffer the consequences? This doctrine, as well as being reasonable and just, has the support of some courts of high authority. *189 Lloyd v. Matthews, 51 N. Y., 124 ; Sussdorff v. Schmidt, 55 N. Y., 319; Lincoln v. McClatchie, 36 Conn., 136. And we bave been referred to but one case which seems to hold to the contrary, the reasoning of which is not so satisfactory. Rees v. Spruance, 45 Ill., 308.
In the case of Sussdorff v*. Schmidt, supra, the purchasers of the property heard of it and were induced to offer to buy through the efforts and advertisement of the agent, though they did not see him and did not even know him. They entered into negotiations with the owners without disclosing the fact, and the owners had no knowledge of the agent’s instrumentality in bringing the purchasers to them, until after the sale had been closed. In affirming the agent’s right to compensation] the court said: “ If he was the procuring cause of this sale, his right to compensation would not he affected by the circumstance that the defendants were ignorant of it at the time, nor should he be prejudiced by the acts of others.” ,

We find no error in the record, and the judgment must therefore be affirmed, with costs to appellee; a?id it is so ordered.