Bowe and another, Appellants, vs. Gage and another, Respondents.

*May 24—June 20, 1907.*

*Brokers: Commission for procuring purchaser: Fraud: Sale by owner: Pleading: Amendment.*

1. Plaintiffs as brokers were to receive a commission if they procured a purchaser for defendants' property at a certain price. After plaintiffs had secured a customer who offered a slightly smaller price, and while they were desirous of negotiating fur-

ther, defendants by fraudulent representations of fact settled with plaintiffs for a nominal sum and took the property out of their hands, and then secretly sold the greater part of the property to their customer and the balance to others, so that more than the required price was realized. *Held*, that defendants were liable to plaintiffs for the agreed commission.

2. Where a modification of the contract sued on was not pleaded in the answer as a defense, but evidence thereof was received without objection, there was no error in submitting the question to the jury and, after verdict, allowing an amendment of the answer setting up such modification.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

This is an action to recover agent's commissions upon the sale of a farm. The case was here before upon defendants' appeal and a previous judgment was reversed. *Bowe v. Gage,* 127 Wis. 245, 106 N. W. 1074. The principal essential facts will be found there stated. A new trial has now been had and a verdict returned which finds the facts to be as follows: (1) The plaintiffs were the procuring cause in effecting the sale of the farm by the defendants to Ferber; (2) the original agreement between the parties was that plaintiffs should receive a commission of two per cent. in case they procured a purchaser at a price acceptable to defendants; (3) prior to the settlement on February 20th the plaintiffs consented to a modification of the agreement whereby they were to receive no commission unless a sale of the farm and personal property for $18,000 was effected; (4) *Gage* represented to plaintiffs, at the time he induced them to give the receipt in full for their services (viz., February 20, 1903), that he was going to keep the place himself and that it would not be sold to others; (5) at this time he intended to try to sell the farm to Ferber, and (6) made said representations to induce plaintiffs to give the settlement receipt; (7) plaintiffs believed the representation and relied

thereon when they gave the receipt, and (8) would not have given the same had they not so believed and relied.

The evidence upon the second trial was substantially the same as upon the first, and the only essential difference between the verdicts lies in the fact that an additional fact now appears, namely, that prior to the settlement the agreement was changed so that plaintiffs were to receive no commission unless they effected a sale of the farm and personal property for $18,000. The trial court deemed this fact conclusive against the plaintiffs' claim, and rendered judgment on the verdict for the defendants, from which judgment the plaintiffs appeal.

For the appellants there was a brief by *Duffy & McCrory,* and oral argument by *J. H. McCrory.* To the point that plaintiffs were entitled to their commission, they cited *Donohue v. Padden,* 93 Wis. 20; *Bowe v. Gage,* 127 Wis. 245; *Martin v. Silliman,* 53 N. Y. 615; *Stewart v. Mather,* 32 Wis. 344; *Briggs v. Boyd,* 56 N. Y. 289, 294; *Dexter v. Campbell,* 137 Mass. 198; *Potvin v. Curran,* 13 Neb. 302; *Levy v. Coogan,* 16 Daly, 137; *Ratts v. Shepherd,* 37 Kan. 20; *Smith v. Anderson,* 2 Idaho, 537; *Plant v. Thompson,* 42 Kan. 664; *Lincoln v. McClatchie,* 36 Conn. 136; *Arrington v. Cary,* 5 Baxt. (Tenn.) 609; *Lane v. Albright,* 49 Ind. 275; *Nesbitt v. Helser,* 49 Mo. 383; *Richards v. Jackson,* 31 Md. 250; *Jones v. Adler,* 34 Md. 440; *Lawrence v. Atwood,* 1 Bradw. (Ill. App.) 217; *Reynolds v. Tompkins,* 23 W. Va. 229; *Terry v. Reynolds,* 111 Wis. 124; *Edward H. Everett Co. v. Cumberland G. Mfg. Co.* 112 Wis. 544.

For the respondents there was a brief by *Doyle & Hardgrove,* and oral argument by *T. L. Doyle.*

WINSLOW, J. There can be no doubt that the plaintiffs would have been entitled to judgment had there been no modification of the original commission contract. By this contract the defendants agreed to pay two per cent. com-

mission for the procuring of a purchaser for the farm at a price acceptable to the defendants. The plaintiffs procured a purchaser who made an offer of $17,000. Thereupon the defendants, by falsely representing that they had decided not to sell the farm, made a settlement with the plaintiffs for their services by paying them $25, and procured a receipt in full, and then proceeded to sell the farm and a small amount of personal property thereon to the purchaser whom the plaintiffs had secured. The receipt having been obtained by means of a false and fraudulent representation of fact at once drops out of the case, and the plaintiffs would be entitled to recover their commissions (less the $25 already received) because they had fulfilled their contract and produced a purchaser at a price which had in fact been accepted by the defendants. The modification of the contract adds, however, an element of difficulty to the case.

The date of this modification is not fixed by the verdict, but, as the evidence on which the finding rests is practically undisputed, there is no difficulty in fixing the date or the circumstances under which it was made. Prior to January 22, 1903, the plaintiffs had received an offer from Ferber of $17,000 for the farm and the personal property on it, which the defendants had refused. On the 22d day of January the defendant *R. N. Gage* wrote a letter to the plaintiffs, which they received on the following day, stating that the heirs who owned the farm had concluded that it was best that he (*R. N. Gage*) should buy the place, but that, owing to the fact that plaintiffs had been to considerable expense and trouble in trying to sell the place, they had agreed to let matters rest until the last of the following week before deeding. The letter then proceeded as follows:

"Now if you can close with Ferber or any other party for $18,000 including our share of the personal property, your compensation to be $200 including the making of all papers necessary to make the transfer, close her up."

The plaintiffs accepted this proposition by acquiescing therein, and made another attempt to sell to Ferber, and induced him to offer $17,000 for the farm without any personal property; but this was refused by *Gage,* the farm was not deeded by the other heirs to *Gage,* and the plaintiffs' agency under the modified agreement continued until February 20th, when by means of the false representation before mentioned the defendants settled with the plaintiffs for $25, and then proceeded without plaintiffs' knowledge to negotiate with Ferber, and induced him to purchase the farm (and personal property to the amount of $144) for $17,500. The interest of the heirs in the personal property on the farm was soon thereafter sold in the open market to others for $720, making in all the sum of $18,220 realized by the defendants for the farm and personal property. It seems almost a necessary inference from the testimony and facts found by the jury that the modified proposition was made by the defendant *Gage* with the secret intention of taking the property out of the plaintiffs' hands and dealing with Ferber independently, and thus avoiding the payment of plaintiffs' commission; but, as this question was not passed upon by the jury, we cannot proceed upon such an assumption.

The case may be stated abstractly as follows: A. employs B. to sell his farm and a small amount of personal property, with the understanding that B. is to receive a commission of $200 in case he procures a purchaser for $18,000, otherwise nothing; B. secures a prospective purchaser, who bids $17,000 for the bare farm; A. rejects the offer, and falsely represents to B. that he has concluded to retain the property himself, and under this representation settles with B. for his services at a nominal price and takes the property out of his hands; A. immediately goes to the bidder secured by B. and negotiates with him a sale of the farm and part of the personal property for $17,500, and closes out the balance of the personal property on the public

market at $720, thus realizing for the entire property $18,220; the settlement was fraudulently made with the purpose of depriving B. of his commission in case a sale was finally made. Can A. escape liability for the payment of the agreed commission? If he can, it is evident that injustice is accomplished under the forms of law; but we do not think he can. If B.'s contract was to produce a purchaser for $18,000 or receive no compensation, and he did nothing but to secure a customer who offered only $17,000, the mere fact that A. afterwards sold to this customer for $17,000 would not entitle B. to his commission unless the customer was ready and willing to pay $18,000, and A. voluntarily accepted the reduced price with knowledge of that fact. In the latter case he would waive the requirement as to price and become liable for the commission. *McArthur v. Slauson,* 53 Wis. 41. In the case now before us we think there was a waiver of the requirement that a certain price was to be obtained fully as persuasive as in the case supposed. By taking the property out of the hands of the plaintiffs on a false and fraudulent representation of fact, after the plaintiffs had secured a customer who offered a price only slightly lower than that required, and while the plaintiffs were desirous of negotiating further, and then secretly selling to the customer the major part of the property and the balance to others, so that more than the required price was realized, we think the defendants have effectually barred themselves from claiming that the plaintiffs have not earned their money. By a fraudulent device they prevented the plaintiffs from fully completing their undertaking, and then completed it themselves. They cannot now be heard to urge a default which they themselves purposely created and afterwards supplied in accordance with such purpose.

The appellants claim that it was error to submit the question of modification of the contract to the jury, because that fact was not originally pleaded as a defense. It appears,

however, that the evidence on which the finding was based was received without objection, and that the court after verdict allowed an amendment to the answer alleging the modification as a defense. We find no abuse of discretion in this.

The result is that the plaintiffs should have recovered judgment upon the verdict and undisputed facts for the agreed commission under the modified contract, less the $25 which they had received.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for the plaintiffs in accordance with this opinion.