GEORGE A. McLEOD, *Appellant,* v. W. C. GAITHER, *Appellee.*

Division B.

Opinion Filed June 28, 1927.

*Knight, Thompson & Turner* and *James F. Glen,* for Appellant;

*Mabry, Reaves & Carlton* and *Marion Wannamaker,* for Appellee.

PER CURIAM.—Leon Prine, Solon G. Wilson and George A. McLeod owned 17,600 acres of land in Pasco County,

Florida, which they sold through McLeod to W. L. Stanley and associates for $35.00 per acre. W. C. Gaither, a real estate broker of Tampa, Florida, brought Stanley to McLeod pursuant to the terms of a verbal contract he had with McLeod to produce a purchaser for the lands. It appears that McLeod promised Gaither $3.50 per acre or ten per cent on the sale price to produce a purchaser ready, able and willing to buy.

It also appears that McLeod had secured an agreement with Prine and Wilson to use $5.00 per acre to cover the expense of making the sale. When Gaither brought Stanley to McLeod as a purchaser McLeod indicated that he was negotiating with another party and could not sell to Stanley at that time. After talking the matter over with Stanley, McLeod later returned to Gaither and told him that Stanley and his crowd demanded a commission of $5.00 per acre if they purchased and that if he (Gaither) would agree to take a commission of $7500.00 in lieu of the ten per cent commission on the gross sale he would sell to Stanley rather than to the purchaser he had been negotiating with. Gaither yielded to this proposition and the sale was concluded.

It was subsequently revealed that McLeod did not use the $5.00 per acre to pay commission on the sale of the land according to the terms of his agreement with Prine and Wilson, nor did "Stanley and his crowd" demand or know anything about the $5.00 per acre commission that McLeod represented to Gaither that they were to receive. McLeod had paid Gaither $7500.00 commission and had converted the balance of the $5.00 per acre, part of which was in cash and part in notes, to his own use, thereby perpetrating a fraud on both his co-owners and his broker.

Predicated on McLeod's fraudulent dealings with Prine, Wilson and Gaither suit was brought by Prine to require him (McLeod) to account for the money and notes so

acquired by him, to pay Gaither such sums as were found due him for commission and to make proper distribution of any balance of the $5.00 per acre so procured by the said McLeod for selling said lands.

The chancellor found that all the material allegations of the bill of complaint and the answer of the respondent Gaither were proven, that the equities of the cause were with the complainant and the respondent Gaither, and that they were each entitled to the relief prayed for in the bill of complaint and in the answer of Gaither. Appeal was taken from that final decree.

In Porte F. Quinn et al. v. John S. Phipps, decided last term (April 11th, 1927), this Court at some length announced the law in this State governing the conduct and fidelity of a real estate broker to his principal. In this case we have the reverse situation, so the main question presented concerns the degree of good faith due on the part of a principal to both his co-principal and his broker. Pertinent to the facts in this case among other things in Quinn et al. v. Phipps, we said:

"The real estate business is not an avenue by which one may practice the tricks of his trade or prey on the innocent and unsuspecting purchaser, nor is it a cloak to cover fraud and deception, or a means for designating persons to short-circuit those who would deal squarely and in good faith. It is indeed a highly respectable business or profession; its ethics are well defined and presumed to be known to those who patronize or engage in that business. No business known to modern society has a longer or more respectable history. Real estate is a primary security for credit in all civilized countries of the earth, and the real estate broker in our times, and long has been, the medium through which annually many millions of dollars in earnings and savings are secured or invested. He is the agent of his principal

in every sense and when that relation is undertaken a fiduciary relation is created which bars the agent from becoming interested in the business or property of his principal without his knowledge or consent.''

From the record in this case it is perfectly apparent that McLeod tricked and deceived and dealt fraudulently with both his co-owners and his broker and he cannot under cover of law be permitted to retain the fruits of perfidy. The doctrine of Quinn et al. v. Phipps is equally as binding on the principal when dealing with his co-principal or broker as it is on the broker when dealing with his principal. Both are required to deal squarely and in good faith. Bowe v. Gage, 132 Wis. 441, 112 N. W. Rep. 469; McDermott v. Mahoney, 139 Iowa 292, 115 N. W. 32; McGovern v. Bennett, 146 Mich. 558, 109 N. W. 1055; 13 D. L. N. 853; Davis v. Gassette, 30 Ill. App. 41; Dobinson v. McDonald, 92 Cal. 333, 27 Pac. Rep. 1098; Vreeland v. Vetterlein, 33 N. J. L. 247, 249; McKnight v. Thayer, 48 N. Y. S. R. 620, 21 N. Y. S. 440; Rees v. Spruance, 45 Ill. 308, 310; Brackenridge v. Claridge, 91 Tex. 527, 44 S. W. Rep. 819, 43 L. R. A. 593, note, Walker Real Estate Agency (Second edition) 300.

It is contended by appellant that Gaither's claim could not be the basis of a decree in chancery in his favor.

This Court is mindful of the general rule to the effect that the mere relation of an agent to his principal is of itself insufficient to entitle the agent to maintain a bill for an accounting against the principal. This rule is predicated on the ground that there is no duty on the part of the principal as there is on the part of the agent to keep an account of the dealings between them and there is no confidence reposed by the agent in the principal as there is by the principal in the agent. This rule is subject to the exception that where the relation between the agent and the principal is

of a fiduciary character or the transactions between the parties are so involved and complicated that the remedy at law is insufficient to administer complete justice a court of equity will entertain a bill by an agent for an accounting. Davis v. Marshall, 114 Va. 193, 76 S. E. Rep. 316, 1914B Ann. Cas. 1025, note 1028, where cases supporting both the rule and the exception are quoted.

In the case at bar, Prine, one of the co-principals, brought the bill for accounting making Gaither the agent or broker a party defendant. There can be no doubt that Prine was within his right in doing this. Gaither was well within the exception as above recited and under Section 3120, Revised General Statutes of Florida, 1920, was required to set up any counter claim he might have in his answer to Prine's bill. Even if it could be successfully contended that Gaither was not within the exception as above stated he is well within the rule announced in Campbell v. Knight, 92 Fla. 246, 109 South. Rep. 577.

A discussion of the other assignments of error becomes unnecessary. The decree of the chancellor accords with law and justice and is hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., AND LONG, Circuit Judge, concur.

BUFORD, J., disqualified.