PLEAS FOREHAND v. STATE.

177 So. 550.
Division A.
Opinion Filed December 10, 1937.

*Mathis, Mathis & Mathis* and *Carter & Pierce,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

TERRELL, J.—This case has been here before. See Forehand v. State, 126 Fla. 464, 171 So. 241, where it was reversed because the evidence in support of premeditation was found to be insufficient, the charge being murder in the first degree. On remand, a change of venue was granted and the case was transferred to Washington County where on second trial, the plaintiff in error was convicted of murder in the second degree and sentenced to life imprisonment.

He now seeks to be relieved of the latter judgment by writ of error.

The case grew out of these facts: On the night of September 7, 1935, the plaintiff in error and his brother were arrested by William D. Pledger, a Deputy Sheriff, at the Night Owl Club, a road house near Panama City in Bay. County. They resisted being taken in custody, a tussle ensued in which Pledger and the. brother of Plaintiff in error clenched and fell to the ground, the Plaintiff in error snatching Pledger's pistol from the holster, discharged it several times at Pledger, but in fact killed both his brother and Pledger.

On this writ of error, it is first contended that reversible error was committed in permitting the bond of Pledger as Deputy Sheriff and the minutes of the Board of County Commissioners approving said bond to be introduced in evidence.

In support of this contention, the plaintiff in error relies on Stinson v. State, 76 Fla. 421, 80 So. 506, and like cases. If he had been in position to defend on the ground that the murder of Pledger was committed in the discharge of official duty, there might have been substance to this contention, but the evidence shows that plaintiff in error and his brother resisted the arrest because Pledger had not arrested some C. C. C. boys with whom he (plaintiff in error) had engaged in a fracas shortly before. It is shown that there would have been no resistance if the C. C. C. boys had been arrested.

The evidence shows that Pledger was appointed Deputy Sheriff of Bay County in 1933, that his bond was made and approved, that his appointment was never cancelled, that he was a special deputy and was not on duty all the time, that he had been sent to the Night Owl Club by the Sheriff to keep order, and that Plaintiff in error knew he was a

Deputy Sheriff. It is also shown that he had paid only one annual premium on his bond.

Since it is shown that Plaintiff in error knew that Pledger was reputed to be a Deputy Sheriff, the fact of whether or not he was commissioned or bonded was unimportant and was not available to him as a defense to the crime. Under the facts proven and the defense available, their introduction in evidence could have no harmful effect. Mathis v. Carpenter, 95 Ala. 156, 10 So. 341; Earl v. State, 124 Ga. 28, 52 S. E. 78.

Other assignments urged for reversal are predicated on the fact that the premiums on Pledger's bond as Deputy Sheriff had been permitted to lapse, that he was not in consequence a legally authorized Deputy Sheriff under the laws of the State of Florida and had no authority to arrest the Plaintiff in error. Error is also assigned on the charge of the Court to the effect that it is lawful for a Deputy Sheriff to arrest without warrant any person who violates the penal law or commits an assault on another in his presence.

We find no fault in the charge assailed and as to lapse of premiums on bond, what we said in previous assignments is sufficient answer to that. It is not out of place to state, however, that the bond in question was dated December 19, 1933, and runs by its terms until Pledger's successor is qualified. It says in terms that it is executed according to the Constitution and laws of the State of Florida. These facts were known to Plaintiff in error and being so, the fact of whether or not the premium was paid became unimportant as a defense.

Even if the facts were such as to make the payment of premiums on the bond material to constitute Pledger a Deputy Sheriff *de jure,* the other facts supporting his official position about which there is no dispute were ample

to constitute him a Deputy Sheriff *de facto* and it is no less a crime to kill a Deputy Sheriff *de facto* when resisting an arrest than it is to kill a Deputy Sheriff *de jure*. State v. Long, 88 W. Va. 669, 108 S. E. 279; State v. Masservy, 96 S. C. 503, 68 S. E. 766; 30 C. J., pages 75, 76, 78 and 79. At the time of the homicide, Plaintiff in error knew nothing whatever of any defect in Pledger's appointment and could not have been prejudiced by it.

Other assignments have been examined, but like those we have discussed, they are hypertechnical and fall in the category of harmless error. They are reminiscent of Lincoln's anecdote about a certain western judge who was so exacting in the refinements of pleading that "he would hang a man for blowing his nose in the street, but he would quash the indictment if it failed to specify what hand he blew it with."

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.