96 So.2d 152 (1957)
Mary Rose McCUTCHEN, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida, Special Division A.
June 19, 1957.
*153 Paul Lake, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Jos. Manners, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant having been charged with first degree murder, seeks reversal of a verdict of guilt with recommendation of mercy and sentence to life imprisonment.
The appellant raises three questions to be decided by this Court, the first of which we quote: "Was the evidence conclusive that a premeditated design existed in the mind of the defendant at the time of the commission of the alleged crime, i.e., was the evidence conclusive that the defendant was guilty of a capital offense, since she was attacked by the deceased?"
The record shows that the appellant and the deceased, who was her husband, had a quarrel in the kitchen of their home and that the deceased slapped appellant, whereupon she stated "you will be sorry", then she left the home and went across the street and returned to the home, going into the kitchen where she had left her husband, and there she shot him twice with a revolver, and, according to some of the witnesses stated as she did so, "I told you you would be sorry." According to the appellant's own testimony, it was some five minutes after the deceased slapped her that she returned and shot the deceased.
A premeditated design to effect the death of a human being is a fully formed and conscious purpose to take human life, formed upon reflection and deliberation, entertained in the mind before and at the time of the homicide. The law does not prescribe the precise period of time which must elapse between the formation of and the execution of the intent to take human life in order to render the design a premeditated one; it may exist only a few moments and yet be premeditated. If the design to take human life was formed a sufficient length of time before its execution to admit of some reflection and deliberation on the part of the party entertaining it, and the party at the time of the execution of the intent was fully conscious of a settled and fixed purpose to take the life of a human being, and of the consequence of carrying such purpose into execution, the intent or design would be premeditated within the meaning of the law although the execution followed closely upon formation of the intent.
We think there was sufficient time between the act of slapping and the act of killing for the appellant to form a premeditated design, and the statements made by the appellant before and after the homicide bear this out.
The second question posed by the appellant has to do with the length of time the jury deliberated before rendering a verdict. The record discloses that the jury deliberated approximately twenty-three minutes before coming into Court to ask the judge a question, and having asked the question, *154 returned to the jury room to continue their deliberation. The record does not disclose how long the jury deliberated.
The third question posed by the appellant has to do with the admission into evidence of a statement made by the appellant after her arrest. The record discloses that the portion of the statement admitted into evidence was admitted by stipulation of counsel.
Finding no reversible error we conclude that this cause should be, and it is, hereby affirmed.
Affirmed.
TERRELL, C.J., ROBERTS and THORNAL, JJ., and WELCH, Associate Justice, concur.