JORGENSON, Judge.
Rosa Clay appeals from a judgment and sentence imposed following a jury verdict finding her guilty of murder in the first degree. We find merit to her contention that the state failed to prove beyond a reasonable doubt the issue of premeditation and consequently we reverse the conviction and sentence for first degree murder and remand to the trial court for entry of a judgment and sentence for the crime of second degree murder.
The evidence adduced at trial reflects that Rosa Clay, a seventeen-year-old girl, had a stormy relationship with A.J. Hepburn, the victim in this case. It is uncon-tradicted that on the evening before the events giving rise to this prosecution Hepburn had beaten Rosa Clay with a wire coat hanger and forced her to remain with him for the evening for sexual purposes. The following morning Rosa fled Hepburn’s room after he had left for work. Rosa and Hepburn encountered each other again at Mom’s Cafe, where Hepburn again beat her violently. Hepburn was physically restrained and Rosa left Mom’s Cafe in tears. She went to her sister’s home a few blocks away and procured a small handgun from her sister’s pocketbook. As she exited her sister’s residence Rosa observed A.J. Hepburn, who had apparently followed her after she had fled from Mom’s Cafe. Hostile words were exchanged and Rosa fired one shot striking Hepburn in the chest. A short chase ensued and Hepburn took the firearm from Rosa and at close range pulled the trigger three times, each time a misfire. Rosa, still crying, returned to her sister’s house. Hepburn died on the scene.
Rosa made a statement to police officers indicating that she procured the firearm in order to shoot Hepburn.
It is upon the foregoing facts that the state argues that it has met its burden of proving premeditation beyond a reasonable doubt. In support of its argument, the state relies principally upon McCutchen v. State, 96 So.2d 152 (Fla.1957). In that case the Florida Supreme Court determined that a five-minute interval was a sufficient time to form the requisite premeditation to sustain a first degree murder conviction. If time were the only issue involved in the case sub judice we would of course apply McCutchen and affirm. There are other facts going to the issue of premeditation, however, which we must consider.
Evidence from which premeditation may be inferred includes such matters as the *141 nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed and the nature and manner of the wounds inflicted. It must exist for such time before the homicide as will enable the accused to be conscious of the nature of the deed he is about to commit and the probable result to flow from it insofar as the life of his victim is concerned. Larry v. State, 104 So.2d 352 (Fla.1958).
Sireci v. State, 399 So.2d 964, 967 (Fla.1981), cert. denied, - U.S. -, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982).
Applying the standard announced in Sired we conclude that premeditation was not proved beyond a reasonable doubt. In Forehand v. State, 126 Fla. 464, 171 So. 241 (1936), aff’d after remand, 130 Fla. 355, 177 So. 550 (1937), the Florida Supreme Court stated:
As the element of premeditation is an essential ingredient of the crime of murder in the first degree, it is necessary that the fact of premeditation uninfluenced or uncontrolled by a dominating passion sufficient to obscure the reason based upon an adequate provocation must be established beyond a reasonable doubt before it can be said that the accused was guilty of murder in the first degree ....
Forehand, 171 So. at 243.
It is clear from this record that Rosa Clay was under a dominating passion and in fear of Hepburn. There is no evidence that she wanted to kill him. See Phippen v. State, 389 So.2d 991 (Fla.1980) (premeditation may be proved by circumstances where appellant repeated at least four or five times that he was going to or would like to kill his parents). Nor did Rosa previously warn or threaten Hepburn. See Spinkellink v. State, 313 So.2d 666 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976) (prior warning that if victim should later happen to hear a gunshot it would be in his motel room). A five-minute interval in and of itself does not give rise to reflection and deliberation. Premeditation may be proved by the totality of the circumstances of the case. See Sireci, 399 So.2d 964; Phippen, 389 So.2d 991; Spinkellink, 313 So.2d 666.
Given the totality of the circumstances of this case, we are satisfied that premeditation has not been proved beyond a reasonable doubt.
Accordingly, pursuant to section 924.34, Florida Statutes (1979), the judgment of conviction of murder in the first degree is reversed and the cause remanded to the trial court to enter judgment for murder in the second degree and re-sentence the defendant accordingly. See Purkhiser v. State, 210 So.2d 448 (Fla.1968); Marcum v. State, 379 So.2d 974 (Fla. 5th DCA 1979), cert. denied, 389 So.2d 1112 (Fla.1980).
Reversed and remanded with directions.