469 So.2d 179 (1985)
Michael John STEINER, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 84-393, 84-394.
District Court of Appeal of Florida, Third District.
May 21, 1985.
*180 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Randi Klayman Lazarus, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and FERGUSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The defendant appeals from concurrent sentences in excess of the guidelines. We affirm.

I
The appellant Steiner was on probation for aggravated battery when he was charged with two counts each of theft from and burglary of rooms at a Marathon motel at which he had previously been employed. Pursuant to a plea bargain accepted by the court, in which the state dropped the other three charges in return for his testimony against a co-defendant, Steiner pled guilty to one burglary count and to violating his probation. It was agreed that the sentencing guidelines would be applied and that the sentences for the burglary and the aggravated battery would run concurrently. After reviewing the guidelines score sheet, which indicated a maximum sentence of thirty months in the state prison, the trial judge announced his intention to depart from the guidelines and accordingly imposed concurrent sentences of five years. The written reasons, which generally track those stated from the bench, were as follows:
1) Defendant committed a burglary of a motel room using a copy of a passkey which had been given to him by his then employer some three (3) years prior to the commission of the crime. The crime was thus committed as the direct result of a violation of trust. This community, as a resort area, has numerous motels which of necessity must trust their employees with access to their guests' rooms. Imposition of a sentence in excess of the Guidelines recommendation is necessary to deter other like-situated individuals from committing this offense.
2) This crime was committed not as a result of a spur of the moment decision, but rather was the result of a planning process which lasted some three (3) years.
3) Defendant, at the time of committing the burglary, was on probation for the violent offense of aggravated battery. When placing the Defendant on probation, the Court advised him that a five (5) year sentence would be imposed were he to substantively violate his probation. This warning was made prior to the introduction of Guidelines Sentencing. The credibility of the Court would be impaired significantly if it were to now impose a lesser sentence.
Steiner now appeals from the enhanced sentences on the sole ground[1] that the assigned reasons are not cognizably "clear and convincing" ones under Fla.R.Crim.P. 3.701(b)(6), (d)(11). We disagree.

II
We will not attempt to treat individually, much less reconcile the superabundance of cases which have dealt with guidelines issues in general or the "clear and convincing" question in particular.[2] As to the *181 latter point, which is the only one before us, it can be said with certainty only that the phrase is on its face totally uncertain. Primarily because, as has been noted in Mischler v. State, 458 So.2d 37, 39 (Fla. 4th DCA 1984), the expression involves a highly eccentric, indeed unique, usage in which a term which involves only a description of a quality of evidence necessary to establish a particular fact has instead been employed to provide a description of a matter of legal substance,[3] the entire clause amounts to a tautology: a "clear and convincing" reason is one which is ultimately deemed acceptable on review, that is, one which clearly convinces the reviewing appellate court of its own propriety.[4] In attempting, in turn, to define[5] what these permissible reasons may be in terms of broader, more helpful rules of law, we have been able to formulate only two consistent and generalized principles which, even if they are themselves somewhat uncertain, may be of assistance in making these determinations in the trial court, and in analyzing and reviewing them on appeal. One may be put in negative terms; the other in positive ones:
1. Because, by definition, these elements are computed into the guidelines recommendations themselves, a reason which will support a departure must not be an "inherent component" of the crime in question, Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985) and cases cited,[6] or of any other particular consideration for which points have been already assigned or deliberately not assigned.[7] See e.g., Weems v. State, 469 So.2d 128 (Fla. 1985); Whitehead v. State, 467 So.2d 779 (Fla. 1st DCA 1985) (multiple crimes within five years not duplicative of habitual offender law which requires crimes within ten years).
2. On the other hand, it is clear that the determination to over or underride remains a matter within the sound discretion of the trial court. State v. Rice, 464 So.2d 684 (Fla. 5th DCA 1985); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984); Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984), pet. for review denied, 456 So.2d 1182 (Fla. 1984); Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984). Applying the controlling definition of judicial discretion to this type of ruling, it follows that an appropriate reason may be any one which a reasonable person could consider justifies the imposition of more or less punishment *182 than the guidelines provide.[8]Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
While we acknowledge that there may be conflicting views, not only as to the accuracy of the two prong test we have attempted to articulate,[9] but whether, under it, a particular reason is encompassed within the guidelines or provides a reasonable basis for departure, we think that these standards should be applied and that the reasons assigned below in this case satisfy them both.

III
Breach of Trust. The first ground stated by the trial court was that the burglary of the motel's premises represented a breach of the trust reposed in Steiner by his then-employer when it gave him a key to the motel.
1. It is clear, satisfying the first element of our standard, that there is nothing inherent in a burglary per se, which may of course be committed against a structure owned by anyone, which includes the element of a violation of confidence which has been placed in the offender.
2. We think it apparent also that a reasonable trial judge could properly have considered that a crime committed under these circumstances merited more punishment than one which was not. Our law, reflecting the standards of our society, has traditionally imposed higher standards of conduct when a breach of trust, including the one which arises from the employer-employee relationship, is involved. McLeod v. Gaither, 94 Fla. 55, 113 So. 687 (1927); Meinhard v. Salmon, 249 N.Y. 458, 464, 164 N.E. 545, 546 (1928); Restatement (Second) of Agency § 387 (1958). The very expressions, "breach of trust," "ingrate," and "turncoat" connote the degree of reprehensibility which is attached to a person who has betrayed one who has befriended, employed or trusted him. Indeed the criminal law had long recognized a separate crime, embezzlement  for which the legislature was of course free to prescribe a higher penalty than for an ordinary larceny  when a theft involved such a breach. Fitch v. State, 135 Fla. 361, 185 So. 435 (1939); 29A C.J.S. Embezzlement §§ 1, 5 (1965). We can hardly therefore hold that the trial court abused his discretion in concluding that Steiner's conduct, which violated these common and surely not unreasonable "societal concerns," justified a departure from the guidelines. Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985); Williams v. State, 454 So.2d 751 (Fla. 1st DCA 1984); contra Mischler, supra ("common" embezzlement does not justify departure in theft case).[10]
Long Range Planning. 1. The second ground stated, that the crime was not spontaneous but rather the result of *183 three years of planning, is similarly not an inherent part of the crime of burglary. Compare Baker v. State, 466 So.2d 1144 (premeditation ingredient of attempted first degree murder). The criminal intent which is an element of such a crime plainly does not necessarily involve the lengthy decision-making process involved in this one. But cf. Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985) (fact that robbery planned in advance inappropriate basis for departure); Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984) ("premeditation" of unspecified nature inherent component of armed robbery).
2. Turning to the second part of our test, we note that premeditation is the determining factor in what is probably the most important distinction known to the criminal law, that between first and second degree murder, Forehand v. State, 126 Fla. 464, 171 So. 241 (1936), aff'd after remand, 130 Fla. 355, 177 So. 550 (1937); Clay v. State, 424 So.2d 139 (Fla. 3d DCA 1983), pet. for review denied, 434 So.2d 889 (Fla. 1983), and that the fact that such a homicide is "committed in a cold, calculated and premeditated manner" is a statutory aggravating circumstance which, if present, supports the imposition of the death penalty. Sec. 921.141(5)(i), Fla. Stat. (1983). These provisions reflect the widespread belief that planned criminal activity, which involves the knowing and deliberate exercise of one's will to an antisocial end is, or may be, deserving of additional punishment. In this light, we cannot interfere with the trial judge's conclusion that Steiner's three year plot evidenced a distinctive degree of criminality which in part supports a sentence in excess of the guidelines. See Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA 1984).
Violation of Probation. Lastly, the court noted that Steiner committed the burglary while on probation for the aggravated battery. It is now well-established that the trial court may properly consider, in deviating from the guidelines (a) that the defendant was guilty of a probation violation in sentencing for the earlier crime for which probation had been imposed; here, the aggravated battery; and (b) that the defendant was on probation when he committed the second substantive crime in sentencing for that latter offense; here, the burglary. Rodriguez v. State, 464 So.2d 638 (Fla. 3d DCA 1985) and cases cited. Klapp v. State, 456 So.2d 970 (Fla. 2d DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1985); Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984).
Affirmed.
NOTES
[1] The appellant does not claim, and hence we do not consider, whether the adoption of the sentencing guidelines as a rule of procedure by the supreme court is a constitutionally unauthorized delegation of legislative authority to the judicial branch and is thus invalid under the separation of powers doctrine. That issue is now before the court in State v. Caride (Fla. 3d DCA Case No. 84-155) (pending on hearing en banc granted.)
[2] The heroic compilation made only several months ago in Mischler v. State, 458 So.2d 37, 40-42 (Fla. 4th DCA 1984) is already many cases behind.
[3] Since the two expressions simply do not go together as a matter of the English language, there are those who say that a clear and convincing reason is like a green and purple horse: it's an interesting concept, but it can't exist.
[4] As in the case of the issue referred to in note 1, supra, there is no question raised as to whether the clear and convincing standard is, for this reason, unconstitutionally vague. Cf. Knowlton v. State, 466 So.2d 278, 281 (Fla. 4th DCA 1985).
[5] It is only with the greatest temerity that we attempt to follow Judge Letts in undertaking this task, Mischler, 458 So.2d at 39-40, particularly since our route and our conclusion appear to differ from his.
[6] It may be helpful, in resolving the question of whether or not a particular factor is inherent in a particular crime, to refer to the now-accepted lesser included offense  Blockburger double jeopardy analysis. See Baker v. State, 425 So.2d 36, 50 (Fla. 5th DCA 1982) (Cowart, J. dissenting) approved in Rotenberry v. State, 468 So.2d 971 (Fla. 1985). Similar issues are also involved in the cases which deal with whether a local ordinance is in conflict with or merely supplements a state law or constitutional provision. See Metropolitan Dade County v. Santos, 430 So.2d 506 (Fla. 3d DCA 1983), pet. for review denied, 438 So.2d 834 (Fla. 1983), and cases cited.
[7] The scope and even the existence of these last qualifications are especially controversial in the light of the decisions that a departure may be based on the defendant's prior criminal record even though it has been factored into the guidelines scorecard, Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984); Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984), or specifically does not qualify for such an inclusion. Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984); Bogan v. State, 454 So.2d 686 (Fla. 1st DCA 1984); contra Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984); see generally, Weems v. State, infra.
[8] Such a reason may involve a "valid societal factor" or concern, as reflected in, among other sources, criminal statutes or regulations in other contexts or from other jurisdictions. See Baker v. State, 466 So.2d 1144.
[9] See e.g., note 6, supra.
[10] The first paragraph of the sentencing order refers also to the court's interest in deterring future such conduct, especially in a resort area like Monroe County. We consider that since (a) deterrence is a basic objective of the process which must be considered in making every sentencing decision, including the formulation of the guidelines, In Re Rules of Criminal Procedure, 439 So.2d 848, 849 (Fla. 1983), and (b) one of their primary objectives is to achieve statewide uniformity in sentences which should not therefore vary according to the interests of the particular area involved, both of these factors are subsumed in the guidelines and neither, under the first part of our test, is therefore an appropriate basis for deviation. But see Santiago v. State, 459 So.2d 468 (Fla. 1st DCA 1984).

This determination does not result in a reversal, even for resentencing, however, because the grounds we think insufficient are so plainly insignificant as compared with the breach of trust point in the same paragraph, let alone with the entire group of reasons stated in the order as a whole, that it is clear that the trial court would have entered the same sentence if the improper grounds had not been considered. Brinson v. State, 463 So.2d 564 (Fla. 2d DCA 1985) (five out of seven reasons for departure proper; sentence affirmed); compare Baker v. State, supra (only one of five reasons proper, cause remanded for resentencing), and cases cited at 466 So.2d at 1146.