FRANK, Judge.
Of the several points the defendant has raised on appeal only one — the court’s departure from the guidelines sentence — has merit.
The victim in these crimes of battery and burglary with assault testified at sentencing about the lingering psychological effects upon her stemming from the crimes. Psychological trauma is a valid basis for departure from the presumptive sentence. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). In his oral and written reasons for departure, however, the trial court included several impermissible departure bases, including the defendant’s act of forcing his way into the victim’s home — an element of burglary — and the degree of physical trauma to the victim — a factor for which scoresheet points were assessed. In the face of these impermissible reasons, Hendrix v. State, 475 So.2d 1218 (Fla.1985), Steiner v. State, 469 So.2d 179, 181 (Fla. 3d DCA 1985), Baker v. State, 466 So.2d 1144 (Fla. 3d DCA 1985), we have not been convinced beyond a reasonable doubt that the trial judge would have nevertheless departed. Albritton v. State, 476 So.2d 158 (Fla.1985).
Accordingly, we reverse and remand for resentencing.
SCHOONOVER, A.C.J., and LEHAN, J., concur.