CAMPBELL, Acting Chief Judge.
Appellant challenges his judgment and sentence for the first degree murder of Ms father. On appeal, he contends that the trial court erred in failing to give a special instruction on premeditation arguing that the standard jury instruction does not properly apply Florida law. We disagree.
In Spencer v. State, 645 So.2d 877 (Fla.1994), the supreme court held that section 782.04(l)(a), Florida Statutes (1991), properly instructed the jury about the element of premeditated design, which was defined by the court in McCutchen v. State, 96 So.2d 152 (Fla.1957). The court also stated that premeditation may be established by circumstantial evidence, including the nature of the weapon used, the presence or absence of provocation, and previous difficulties between the parties.
A review of the record in the instant case reveals that there was sufficient evidence from wMch the jury could find that the kill-tag of the victim was premeditated and not the result of an accident as claimed by appellant. Appellant had stated to numerous individuals prior to the shooting that he would be better off if his father were dead. Appellant also stated to one of his classmates, prior to the shooting, that he was going to kill his father and showed him the weapon he intended to use.
We find no reversible error and, therefore, affirm.
THREADGILL and QUINCE, JJ., concur.