**HUNTER LYON, INC.. a corporation, v. W. H. WALKER, et al.**

11 So. (2nd) 176                                          June Term, 1942
December 11, 1942                                              En Banc
Rehearing Denied January 12, 1943

*Vincent C. Giblin,* for appellant.

*Blackwell & Walker,* for appellees W. H. Walker, Richard Kiehnel, J. D. Ramsey, John B. Stadler, W. E. Nicholson, Otto H. Goll and W. H. Walker, Jr.; *J C. Sullivan,* for appellees Marvin D. Adams and Francis Walker, appellees.

TERRELL, J.:

Appellant represents certain insurance companies in Dade County engaged in the business of writing fire, windstorm and other insurance. Some of the appellees are the directors of First Federal Savings and Loan Association engaged in the business of making first loans on homes and business properties.

Appellant sued appellees for conspiring to coerce those to whom they made loans from securing the properties and the loans with policies in insurance companies represented by them (appellant) thereby wantonly inflicting material damage to appellant and its business. A demurrer to the second amended declaration was sustained, the plaintiff declined to amend and final judgment was entered for the defendant. This appeal was prosecuted.

The sole question is whether or not the declaration states a cause of action for conspiracy to wantonly interfere with appellant's business. Duval Laundry Co. Inc. v. Reif 130 Fla. 276, 177 So. 726; and Globe and Rutgers Fire Insurance Co. v. Fireman's Fund Fire Ins. Co., 97 Miss. 148, 52 So. 454, are relied on for an affirmative answer to this question.

From these and other cases of like import, the gist of such actions is the malicious, wanton, and unlawful disturbance or interference with the business of the plaintiff to his

damage. It extends to all classes of contracts and is good against one or all the defendants, the charge of conspiracy being merely the basis to join all as parties defendant.

The evidence must show wanton and unlawful interference resulting in a refusal of customers to deal with the plaintiff. If it shows rather that the conduct of defendant was an incident to the accomplishment of a legitimate purpose, amounted to nothing more than lawful competition or the exercise of a sound discretion which the law allows a mortgagee to direct within reason, the placing of insurance on the property involved a case of malicious interference is not made.

This rule is particularly applicable to those making high percentage loans on improved property or in cases where it it shown that the insurance agency is for any reason hostile to the lending agency. If the evidence shows these elements rather than malicious interference, relief should be denied. The ultimate issue will be whether the interference charged was done solely through malice or in the lawful protection of defendant's loans.

We are convinced that the declaration states a cause of action so the judgment below is reversed.

Reversed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., dissents.