PER CURIAM.
Plaintiffs appeal an order dismissing with prejudice their second amended complaint in an action for tortious conspiracy.
In 1968 plaintiffs, professional jai-alai players, formed a union and attempted to receive higher wages and increased benefits from the defendant jai-alai frontons by striking and refusing to honor their player contracts for the 1968-1969 season which caused their replacement by other players. Plaintiffs then sought re-employment for the 1969-1970 and ensuing seasons at the prevailing wages and conditions being offered to other jai-alai players; but because employment by a fronton is a prerequisite, they were unable to obtain licenses from defendant State Department of Business Regulation. In 1971 plaintiffs filed suit against the frontons for intentional interference with an advantageous relationship and conspiracy to deprive them of their right to earn a livelihood. The case was dismissed for failure to state a cause of action and the dismissal was affirmed by this court, 279 So.2d 107. A writ of certio-rari to the Florida Supreme Court was discharged “without prejudice to whatever rights, if any, petitioners may have for tor-tious conspiracy, if any, occurring subsequent to the 1968-69 jai-alai season.” See Churruca et al. v. Miami Jai-Alai et al., Fla.1974, 289 So.2d 395. Thereafter plaintiffs filed this action against the defendant frontons and Department of Business Regulation alleging a conspiracy on the part of all defendants in that they conspired not to employ plaintiffs. Their original and amended complaints having been dismissed, plaintiffs filed a second amended complaint which was dismissed with prejudice. Plaintiffs seek review of this dismissal. We affirm.
The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy which results in damage to the plaintiff. Thus, it is generally held that an act which does not constitute a ground of action against one person cannot be made the basis of a civil action for conspiracy. Liappas v. Augoustis, Fla.1950, 47 So.2d 582; Loeb v. Geronemus, Fla.1953, 66 So.2d 241; Ocala Loan Company v. Smith, Fla. App.1963, 155 So.2d 711. Further, general allegations of conspiracy are inadequate; the allegations must be clear, positive and specific. Gair v. Lockhart, Fla.1950, 47 So.2d 826; Renpak, Inc. v. Oppenheimer, Fla.App.1958, 104 So.2d 642; Stringfellow v. Breidegam, Fla.App.1962, 138 So.2d 75; Kutner v. Kalish, Fla.App.1965, 173 So.2d 763.
The allegations of the second amended complaint are legally insufficient to state a cause of action for conspiracy as there was no allegation that there were positions available for the plaintiffs who had been replaced. Plaintiffs also admitted that they refused to honor their contract for the 1968-1969 season and it follows that each defendant fronton has the right to hire players other than plaintiffs. Each defendant fronton exercised its right to refuse plaintiffs employment and the fact that the defendants were alleged to have acted in *230 combination instead of individually has not effected a result different from anything that could have been accomplished separately.
We find the allegations of the instant complaint substantially the same as the allegations in the complaint filed in 1971 which was dismissed for failure to state a cause of action.
Affirmed.