349 So.2d 185 (1977)
J.A. BELCHER, Sr., J.A. Belcher Jr., Stewart D. Allen and H.E. Snodgrass, Appellants,
v.
Irwin Edward SCHILLING, Individually, and As Trustee under the Trust of Louis C. Schilling, Louis C. Shilling, Individually, and As Trustee under the Trust of Minnie E. Schilling, and Jerome Schilling, Appellees.
No. 76-975.
District Court of Appeal of Florida, Third District.
July 6, 1977.
Rehearing Denied September 15, 1977.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble and Mark Hicks, Miami, for appellants.
*186 Colson & Hicks, Susan Goldman, Miami, for appellees.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal of an adverse final judgment for the defendants entered in accordance with the jury's verdict in this libel action.
Plaintiffs J.A. Belcher, Sr., J.A. Belcher, Jr. and Stewart Allen (Belcher group) are members of the board of directors of the Belcher Oil Company as were the defendants Irwin Schilling and Louis Schilling (Schilling group) until October, 1973. In 1972 policy disagreements split the board into two opposing factions, the Belcher group (appellants) and the Schilling group (defendant-appellees) which included the then president of the company, Edwin Belcher III. The Belcher group decided to oppose the re-election of Edwin Belcher as president in the October 1973 company election, and in early 1973 began to solicit proxies from shareholders who they believed favored their company policies. As a result, on October 23, 1973 Edwin Belcher and the defendant Schilling group were defeated and a slate headed by the Belcher group was elected. Thereafter, on November 2, 1973 the Schilling group filed suit against the Belcher group and sought to set aside the election for the reason, inter alia, that some of the proxies had been obtained by misrepresentation, fraud and deceit. Subsequently, on November 8 the parties to this suit entered into a stipulation which provided that the status quo of the company would be maintained. In the meantime, the Belcher group had been negotiating with Kenneth Johnson of the Exxon Company to become the new president of Belcher Oil Company. Upon learning of these negotiations, the attorney for the Schilling group on January 4, 1974 sent Johnson a letter which in essence informed Johnson of the stipulation to maintain the status quo of the company and of the pending lawsuit charging the Belcher group with, inter alia, fraud and deceit in the 1973 company election. As a result, the Belcher group filed the present libel action against the Schilling group grounded upon this January 4 letter to Johnson. The cause was tried before a jury and at the close of all the evidence, the trial judge instructed the jury that although the subject letter was libelous per se, it was qualifiedly privileged as a matter of law; therefore, for plaintiffs (Belcher group) to prevail the jury must find that plaintiffs proved the existence of actual malice. The jury returned a verdict for the defendants (Schilling group) and judgment was entered accordingly. The Belcher group appeals and basically contends that the judge erred in instructing the jury that the letter was qualifiedly privileged. We cannot agree.
A communication made in good faith on any subject matter by one having an interest therein or in reference to which he has a duty is privileged if made to a person having a corresponding interest or duty even though it contains matters which would otherwise be actionable and though the duty is not a legal one but only a moral or social obligation. See Myers v. Hodges, 53 Fla. 197, 44 So. 357 (1907); Leonard v. Wilson, 150 Fla. 503, 8 So.2d 12 (1942); Fiore v. Rogero, 144 So.2d 99 (Fla. 2d DCA 1962); O'Neal v. Tribune Company, 176 So.2d 535 (Fla. 2d DCA 1965). Reviewing the facts of this case in light of the above principle of law, we find the trial judge correctly determined as a matter of law that the subject letter of January 4, 1974 was qualifiedly privileged. The letter being of a privileged nature, the duty devolved upon the plaintiffs to prove the existence of actual malice on the part of defendants. See 20 Fla.Jur. Libel and Slander § 119 (1958). Inherent in the jury's verdict for the defendants was the finding that plaintiffs failed in their burden. We cannot say that this verdict was contrary to the manifest weight of evidence and, therefore, we affirm the judgment appealed.
Affirmed.