353 So.2d 547 (1977)
Francisco CHURRUCA, Ricardo Sotil, Txomin M. Ibarlucea, Juan J. Calzacorta, Jacinto Guenaga Garramiola, Javier Astarloa, Juan M. Carmelo Recalde Irueta, Antonio Mugartegui Plaza, Jose Maria Orbea Olasolo, Juan Urdampilleta Artazamona, Felix Arrarte Guisasola, and Jose J. Echaburu Arrizabalaga, Petitioners,
v.
MIAMI JAI-ALAI, INC., Florida Jai-Alai, Inc., Tampa Jai-Alai, Inc., Dania Jai-Alai Palace, Inc. (Formerly Monro Operating Co., Inc.), the Fronton, Inc., Volusia Jai-Alai, Inc., and Department of Business Regulation, Division of Pari-Mutuel Wagering of the State of Florida (Formerly the Florida State Racing Commission), Respondents.
No. 50665.
Supreme Court of Florida.
November 17, 1977.
Rehearing Denied January 25, 1978.
*548 Seymour Kaplan and Daniel Neal Heller, of Heller & Kaplan, Miami, for petitioners.
William Snow Frates, Scott D. Sheftall and James D. Little, of Frates, Floyd, Pearson, Stewart, Richman & Greer, Miami, Joseph M. Murasko, Fern Park, William R. Dawes, Miami, and Eli H. Subin, of Subin, Shams, Rosenbluth & Moran, Orlando, for respondents.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, reported at 338 So.2d 228, which is alleged to be in conflict with Snipes v. West Flagler Kennel Club, Inc., 105 So.2d 164 (Fla. 1958), and Margolin v. Morton F. Plant Hospital Assn., Inc., 342 So.2d 1090 (Fla. 2d DCA 1977), on the issue of whether a complaint is actionable which alleges that defendants maliciously conspired to punish plaintiffs by depriving them of their livelihood. Jurisdiction vests in this Court pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioners comprise a group of professional jai-alai players who were previously employed by respondent frontons. In 1968 petitioners formed a union and sought both higher wages and increased benefits from the frontons by striking and refusing to honor their player contracts for the 1968-1969 season. Consequently, respondents engaged less distinguished players as replacements. While these new players were not widely accepted initially, they eventually gained the appreciation of the fans.
Recognizing their strike was ineffectual, petitioners sought reemployment for the 1969-1970 and ensuing seasons at the prevailing wages and conditions being offered to other jai-alai players. The fronton owners uniformly declined to extend contracts of employment to the petitioners. Respondent *549 Department of Business Regulation refused to issue petitioners licenses unless they were presently employed by a fronton. Unable to obtain employment, petitioners (plaintiffs) sued the frontons for conspiracy to deprive them of their right to earn a livelihood. The case was dismissed for failure to state a cause of action. That dismissal was affirmed by the District Court of Appeal, Third District, and this Court discharged a petition for writ of certiorari "without prejudice to whatever rights, if any, petitioners may have for tortious conspiracy occurring subsequent to the 1968-1969 jai-alai season." Churruca et al. v. Miami Jai-Alai, et al., 289 So.2d 395 (Fla. 1974). Petitioners then filed the present action against respondents alleging that respondents were engaging in a conspiracy not to employ them. Essentially, plaintiffs alleged that defendants agreed collectively to refuse them employment in retaliation for their prior demands. After their original and amended complaints were dismissed, petitioners filed a second amended complaint which was dismissed with prejudice. On appeal, the District Court of Appeal, Third District, affirmed the dismissal order.
This Court is asked to determine whether the second amended complaint sufficiently alleges a cause of action. We believe that the complaint states a cause of action for tortious conspiracy against respondent frontons and, consequently, are compelled to quash that portion of the decision of the District Court of Appeal, Third District. However, we sustain the district court's affirmance of the trial court's dismissal of the respondent Department of Business Regulation because it enjoys sovereign immunity.
Initially, respondents argue that the second amended complaint is barred by res judicata. They contend that after this Court ruled there were no allegations concerning the 1968-1969 season which constituted a cause of action, the petitioners nevertheless brought this action complaining that they had been wronged in subsequent years, without alleging any new material facts. That contention is without merit. Petitioners now allege continuing conduct on the part of the respondents stemming from the original dispute in 1968. This Court's mandate stated emphatically that "the Petition, for Writ of Certiorari is dismissed, without prejudice to whatever rights, if any, petitioners may have for a tortious conspiracy, if any, occurring subsequent to the 1968-1969 Jai-Alai season," 289 So.2d at 396.
Respondents next argue that the second amended complaint does not state a cause of action in tortious conspiracy. That argument is also unpersuasive. In order to sustain their cause of action, petitioners must demonstrate that the conspirators acted with evil motive. It is true that the respondent frontons are individually entitled to employ whomever they wish. They may even decide in combination to refuse employment to prospective employees if they believe those persons would be unsatisfactory. However, if the concerted effort of the fronton owners is designed maliciously for the purpose of beggaring petitioners by depriving them of their livelihood, the employers are guilty of tortious conspiracy.
In their second amended complaint, petitioners allege in pertinent part:
18. At a time unknown to the plaintiffs, the defendant frontons had conspired and confederated with each other for the purpose of keeping them from securing employment in the jai-alai frontons in Florida.
* * * * * *
25. This aforesaid refusal was the result of defendant frontons knowingly, wilfully, wantonly, wickedly, maliciously, and malevolently, conspiring, combining, confederating and agreeing together to prevent the plaintiffs, and each of them, playing jai-alai at the defendant frontons.
26. The said jai-alai frontons, at a time unknown to the plaintiffs, maliciously, wantonly, and wilfully conspired and agreed together to punish the plaintiffs, and each of them, for their having joined the Union and supported the Union's demands *550 as aforesaid and for their refusal to play as aforesaid during the said 1968-1969 season.
27. The said punishment was and is the malicious, wanton, wilful, malevolent boycott and lockout of the plaintiffs and each of them from their employment by each and every defendant fronton.
28. The said joint boycott and lockout commenced at a time unknown to the plaintiffs and has persisted continuously since.
29. Until said conspiracy is terminated, the plaintiffs and each of them will be unable to secure employment in their chosen occupation of jai-alai player. (Emphasis supplied)
If petitioners can sustain their burden of proof of establishing that respondents acted with punitive motives, as alleged in their complaint, they are entitled to recovery. This conclusion is suggested by our decision in Snipes v. West Flagler Kennel Club, Inc., supra.
In Snipes, the plaintiff, who raised and raced greyhounds, brought suit against five racetrack corporations for conspiring to destroy him financially by refusing to schedule plaintiff's greyhounds on their tracks. The complaint further alleged that the defendants, through their force of numbers and economic statute, intimidated other dog track owners in the State into becoming unwilling participants in the conspiracy. The trial court dismissed the complaint for failure to state a cause of action. On appeal, this Court reversed, holding that although the general rule is that "an act which constitutes no ground of action against one person cannot be made the basis of a civil action for conspiracy," 105 So.2d at 165, Liappas v. Augoustis, 47 So.2d 582 (Fla. 1950), in certain circumstances mere force of numbers acting in unison may comprise an actionable wrong. In essence, this Court stated that ordinarily there can be no independent tort for conspiracy. However, if the plaintiff can show some peculiar power of coercion possessed by the conspirators by virtue of their combination, which power an individual would not possess, then conspiracy itself becomes an independent tort. See also Shaltupsky v. Brown Shoe Co., 350 Mo. 831, 168 S.W.2d 1083 (1943); DesLauries v. Shea, 300 Mass. 30, 13 N.E.2d 932 (1938); Cummings v. Harrington, 278 Mass. 527, 180 N.E. 519 (1932). The essential elements of this tort are a malicious motive and coercion through numbers or economic influence. See Hunter Lyon, Inc. v. Walker, 152 Fla. 61, 11 So.2d 176 (1942); Regan v. Davis, 97 So.2d 324 (Fla. 2d DCA 1957).
The District Court of Appeal, Second District, recently followed the reasoning of Snipes in Margolin v. Morton F. Plant Hospital Assn., Inc., supra. The plaintiff in Margolin, a surgeon and member in good standing of the Morton F. Plant Hospital medical staff, sued the executive director of the hospital, the president of the hospital's staff, and the licensed physicians who practice anesthesiology as members of the hospital staff. The defendants as a whole allegedly exercised absolute control over the availability and rendering of general anesthesia services to all surgeons and patients at the hospital. Plaintiff alleged that the anesthesiologists had maliciously conspired as a group to refuse to perform services for his patients, thereby hoping to bring about his financial ruin by effectively precluding him from using the hospital. The court, speaking through Judge Grimes, held that the complaint stated a cause of action under the Snipes rationale. In summarizing Snipes, Judge Grimes stated:
In essence, even though a person has the privilege of selecting those with whom he wishes to conduct business, when several persons who occupy a coercive position with respect to another act in concert to decline to do business with him, their refusal may under certain circumstances constitute an independent tort. Id. at 1094.
Respondents urge this Court to limit application of the Snipes and Margolin reasoning to situations where employers, who would otherwise be willing to hire the plaintiff, are intimidated into becoming unwilling partners in the boycott. In view of *551 our previous exposition, we reject this proposition as restricting the scope of Snipes too narrowly.
Respondents maintain that at common law and under the federal equivalent[1] of Chapter 542, Florida Statutes (1975), combinations for economic coercion in connection with labor disputes are not actionable. They assert to hold otherwise would make all combinations for economic coercion by labor or management conspiracies at law, which obviously would be untenable. While we do not hold today that Chapter 542, Florida Statutes (1975), provides a cause of action to petitioners in the context of this case, nevertheless, we do not accept the contention that a cause of action for tortious conspiracy is precluded simply by casting the veil of "labor dispute" over the controversy. When the conduct of a combination of employers, maliciously conceived and executed, amounts to a "black listing" of employees so as to permanently deprive them of the means of earning a livelihood, a common law cause of action is presented upon which a jury may return damages.
Finally, respondents Volusia Jai-Alai, Inc., Miami Jai-Alai, Inc., and Tampa Jai-Alai, Inc. submit that the Department of Business Regulation was properly dismissed from the suit because, as a department of the executive branch, it had not waived its sovereign immunity. We agree. In their complaint, petitioners allege that the conspiracy began subsequent to the 1968-1969 season and prior to the 1970-1971 season. Section 768.15, Florida Statutes (1969), constituted the general waiver of sovereign immunity act in effect at this time. Although that law provided a general waiver of immunity, effective July 1, 1969, for acts occurring after that date, it specifically did not provide for waiver of claims arising from the failure to issue a license. The statute provided in pertinent part:
[N]o action may be brought under this section if the claim:
(c) Arises out of the issuance, denial, suspension, or revocation of, or by the failure to issue, deny, suspend, or revoke, a permit, license, certificate, approval, order, or similar authorization; ...[2]
Petitioners argue that the Department of Business Regulation was improperly dismissed because essentially it is a partner in the pari-mutuel wagering business. They claim the Department is partially supported by funds generated from this business, and consequently, is incapable of assuming a position of neutrality. Therefore, the Department of Business Regulation exists to generate funds for the counties and, in so doing, exercises a proprietary rather than a governmental function. By this activity, petitioners conclude the Department of Business Regulation has impliedly waived its immunity as an agency of the State. We cannot agree that the function of the Department of Business Regulation fosters a lack of neutrality which necessarily characterizes its function as proprietary rather than governmental. The Department merely collects and remits a percentage of the pari-mutuel funds to the State in much the same fashion as the salesman who collects a sales tax from his customers and remits that tax to the State.
Since the Department of Business Regulation was properly dismissed, and the frontons do not act as agents for the State, there is no state action. Consequently, petitioners' arguments that their complaint states a cause of action, inter alia, pursuant to the due process clause of the Fourteenth Amendment and to 42 U.S.C. § 1983, the Civil Rights Act, are without merit.
Accordingly, the petition for writ of certiorari is granted, that portion of the decision of the District Court of Appeal, Third District, affirming the trial court's order dismissing the second amended complaint as *552 to the fronton owners is quashed, and this cause is remanded to the District Court of Appeal, Third District, with instructions to remand to the trial court for proceedings not inconsistent with the views expressed herein.
It is so ordered.
ADKINS, Acting C.J., and ENGLAND, HATCHETT and KARL, JJ., concur.
NOTES
[1] Sherman Act, 15 U.S.C. § 1 et seq.
[2] § 768.15, Fla. Stat. (1969), was repealed without a savings clause by Ch. 69-357, § 1, Laws of Florida, effective July 1, 1970. Subsequently, it was revived for actions arising during the one-year period beginning July 1, 1969, by Ch. 71-165, Laws of Florida.