### WATER & SEWER UTILITY CONSTRUCTION, INC. v. MANDARIN UTILITIES, INC., et al.

Case No. 80-14900-CA

Fourth Judicial Circuit, Duval County

June 11, 1982

Brent M. Turbow, Arthur T. Boone, for plaintiffs.

George D. Gabel, Jr., James J. Taylor, Jr., Wahl and Gabel, and William G. Cooper, Kent, Watts, Durden, Kent & Mickler, for defendant, Mandarin Utilities, Inc.

Richard C. Stoddard, J. Quinton Rumph, Rumph and Stoddard, for defendant, J.A. Mixon.

Paul P. Sanford, Rogers, Towers, Bailey, Jones & Gay, for defendant, Jax Utilities Construction Company, Inc.

DOROTHY H. PATE, Circuit Judge.

Plaintiffs, WATER & SEWER UTILITY CONSTRUCTION, INC., ('WATER & SEWER'), and CHARLES F. RODGERS have sued Defendants, MANDARIN UTILITIES, INC., ('MANDARIN UTILITIES'), JAX UTILITIES CONSTRUCTION COMPANY, INC. ('JAX UTILITIES CONSTRUCTION') and J. A. MIXON, ('MIXON') for alleged slander (Count I), tortious interference with a business relationship (Count II), and civil conspiracy (Count III). Defendants MANDARIN UTILITIES and MIXON have filed Motions for Summary Judgment in their favor. The undisputed facts are summarized in the following paragraphs.

1. MANDARIN UTILITIES is a utility company authorized by the Public Service Commission of the State of Florida to provide water and sewer service within its certificated territory. It is governed by the rules and regulations set forth by the Public Service Commission regarding water and sewer systems. When extending service to new facilities within its certificated area, Section 25-10.123 of those regulations reserves to utility companies such as MANDARIN TUILITIES an option with regard to construction of such facilities:

> "The actual construction may be done by the utility at its option or by a constructing agency acceptable to it."

2. JAX UTILITIES CONSTRUCTION is in the business of constructing water and sewer systems.

3. MIXON is president of MANDARIN UTILITIES and was formerly president of JAX UTILITIES CONSTRUCTION.

4. In late May, 1980, Ray's Distributing Company ('Ray's Distributing'), whose property is located within MANDARIN UTILITIES' certificated territory, contacted MANDARIN UTILITIES with a request for water and sewer service. Pursuant to its authority under Section 25-10.123, MANDARIN UTILITIES had developed a list of acceptable contractors and that list was furnished to Ray's Distributing, along with a list of contractor qualifications which MANDARIN UTILITIES used as a guideline to help developers find contractors acceptable to MANDARIN UTILITIES. There were four such qualifications:

"1. 100% payment and performance bond.

2. One year guaranty against defects in workmanship and materials in the construction of all potable water and domestic sewage lines, pipes, manholes, and lift stations.

3. Letter confirming that contractor has been in business for five (5) years.

4. Letter containing a list of five (5) comparable size projects to the project under proposal with the developer."

5. Subsequently, the attorney for Ray's Distributing sent a letter to MANDARIN UTILITIES in an attempt to show that WATER & SEWER (whose manager at that time was the Plaintiff CHARLES F. RODGERS) met the above qualifications and therefore would be a constructing agency acceptable to MANDARIN UTILITIES.

6. The Ray's Distributing letter provided to MANDARIN UTILITIES a list of references for WATER & SEWER's work. Several of those references were contacted on behalf of MANDARIN UTILITIES. Two of the references declined any comment, but in each case where comments were made the references indicated that the work performed by WATER & SEWER was not satisfactory. In addition, MANDARIN UTILITIES obtained from the office of the Secretary of State of Florida the information that WATER & SEWER had only been incorporated for two years, and therefore did not meet the five-year qualification. Based on that information, MANDARIN UTILITIES communicated to Ray's Distributing that WATER & SEWER was not acceptable to MANDARIN UTILITIES because their work was "not satisfactory."

7. Similar statements, allegedly defamatory, are alleged in affidavits to have been made by MANDARIN UTILITIES to representatives of Jack Carter, Inc. ("unqualified", "not on approved list", "will never be approved") and Charter Land and Housing Corporation (ROGERS

was "not qualified"). Both of those corporations, like Ray's Distributing, were at the time the statements were allegeldy made, developers seeking to develop property lying within MANDARIN UTILITIES' certificated territory.

8. The statements attributed to the Defendants, if they were defamatory at all, were qualifiedly privileged because of the business relationship between MANDARIN UTILITIES and Ray's Distributing, Jack Carter, Inc. and Charter Land and Housing Corporation. Florida law on this subject is clear:

> "A communication made in good faith on any subject matter by one having an interest therein or in reference therein or in reference to which he has a duty is privileged if made to a person having a corresponding interest or duty even though it contains matters which would otherwise be actionable and though the duty is not a legal one but only a moral or social obligation." *Belcher v. Schilling,* 349 So.2d 185, (Fla. 3d D.C.A. 1977).

9. In cases of qualified privilege, there is a presumption of good faith in favor of the publisher and to defeat that presumption, the plaintiff must affirmatively and expressly show malice in the publisher. *Abram v. Odham,* 89 So.2d 334, 336 (Fla. 1956). Here, there is no evidence of lack of good faith on the part of MANDARIN UTILITIES in its communications, and therefore the Plaintiffs have failed to sustain their burden. The Affidavit of James A. Mixon specifically includes that communications were made in good faith.

10. There is no evidence that any of the elements necessary for an actionable claim of tortious interference with a business relationship are present. Under Florida law, there are three elements for such a cause of action: (1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship. *Smith v. Ocean State Bank,* 335 So.2d 641 (Fla. 1st D.C.A. 1976). Here, there is no evidence of an existing business relationship between WATER & SEWER and Ray's Distributing, or between WATER & SEWER and any other business, under which WATER & SEWER had any legal rights. *See Lake Gateway Motor Inn v. Matt's Sunshine,* 361 So.2d 769 (Fla. 4th D.C.A. 1978). Nor is there any evidence of an *unjustified* interference with any alleged relationship between WATER & SEWER and Ray's Distributing. To the contrary, the evidence shows that MANDARIN UTILITIES acted in good faith pursuant to its rights and responsibilities under the regulations of the Public Service Commission and also in the

interest of its customers. Plaintiffs have failed to present any evidence to meet the requirements for a cause of action for tortious interference with a business relationship.

11. Nor is there any evidence of a tortious civil conspiracy among the defendants. There is ordinarily no such thing as a tort for conspiracy which is independent of the wrong which is alleged to have been done pursuant to the conspiracy. *Churruca v. Miami Jai-Alai, Inc.,* 353 So.2d 547 (Fla. 1977). In peculiar situations, however, where the essential elements of malicious motive and coercion through numbers or economic influence are present, a conspiracy itself may constitute an independent tort. *Id.* There is in this case no evidence of any malicious motive on the part of any of the defendants, nor of any coercion of any kind. The evidence shows only that MANDARIN UTILITIES was acting within its regulatory authority and in the interest of the customers within its certificated territory, to insure that water and sewer service would be sanitary and efficient. There is no evidence to suggest any other motive.

12. The pleadings, answers to interrogatories, depositions and affidavits on file show that there is no issue as to any material fact as to Counts, I, II and III and that the Defendants, MANDARIN UTILITIES and MIXON, are entitled to judgment as a matter of law on those counts.

THEREFORE, it is ORDERED AND ADJUDGED:

(1) The Motions for Summary Judgment are granted.

(2) Summary Judgment is granted in favor of the Defendant, MANDARIN UTILITIES, INC., and J. A. MIXON, as to Counts, I, II and III of the First Amended Complaint and said Defendants shall go hence without day as to those counts.

DONE AND ORDERED at Jacksonville, Duval County, Florida, on this 14th day of June, 1982.