PER CURIAM.
This is an appeal brought by Gary Vettese from a final judgment which primarily voided a personal representative’s deed which conveyed certain Florida property to decedent’s son, Gary Vettese. This son served as one of the co-executors of the decedent’s domicilliary estate in Canada and he also served as ancilliary personal representative of the decedent’s Florida estate. We have surveyed and considered the record and appellate treatment. We reach the conclusion that reversible error has not been made to appear as concerns the trial court’s decision to cancel the deed and conveyance in question. We affirm that portion of the judgment.
The final judgment went further and ordered the conveyance of the Florida property which is the subject of this appeal directly to the three daughters of the decedent as tenants in common. This was done despite the fact that there was no pleading basis or request for such action. These daughters were residuary beneficiaries under decedent’s will. This disposition of the property was error. Prior to the abortive transfer to Gary Vettese the property was a part of the decedent’s estate. Thus, it is basic that, upon cancellation of the transfer, the property should revert to the estate and be there administered under the terms of the will according to law.[1]
That portion of the final judgment which ordered the conveyance of the Florida property to the three daughters is reversed; in all other respects the judgment is affirmed; and the cause is remanded for further proceedings consistent herewith.
Affirmed in part, reversed in part, and remanded.
LETTS, C.J., and DOWNEY and WALDEN, JJ., concur.

. It could well be that, upon proper distribution at the conclusion of the administration, the three daughters will receive this Florida property as residuary beneficiaries. However, this should only occur in regular course following the adjudication of any claims against the Estate and the payment of all taxes and debts, if any.