439 So.2d 904 (1983)
AMERICAN DIVERSIFIED INSURANCE SERVICES, INC., a Florida Corporation, Appellant,
v.
UNION FIDELITY LIFE INSURANCE COMPANY, an Insurance Corporation, Ron Holmer, and Michael E. McBryan, Appellees.
No. 82-2865.
District Court of Appeal of Florida, Second District.
September 16, 1983.
Rehearing Denied October 31, 1983.
*905 George W. Phillips, Tampa, for appellant.
Charles A. Buford of Robinson, MacPherson, Harper, Kynes, Batt, Geller & Watson, P.A., Clearwater, for appellees.
LEHAN, Judge.
American Diversified Insurance Services, Inc. appeals an order dismissing its amended complaint with prejudice. We reverse.
The amended complaint charged the three appellees with civil conspiracy, alleging that the three had conspired to destroy American Diversified's business. The complaint alleged that appellee McBryan, immediately after his employment with appellee Union Fidelity, came to work with American Diversified, intending to leave and form a competing insurance agency after learning American Diversified's business and the identity of its customers and subagents.
The complaint also alleged that Union Fidelity cancelled its agency contract with American Diversified in furtherance of the conspiracy. Attached to the complaint is a copy of the agency contract between American Diversified and Union Fidelity which states that the contract was terminable by either party upon 90 days written notice. Also attached to the complaint were a letter from Union Fidelity to American Diversified terminating the contract and a letter from Union Fidelity to the Florida Department of Insurance explaining that the contract was being terminated because American Diversified submitted insurance applications solicited by a subagent not licensed through American Diversified and because a check for premiums from American Diversified to Union Fidelity was returned for insufficient funds.
The complaint further alleged that, when McBryan began his employment with American Diversified, he already had a general agent's contract with Union Fidelity; that during his employment with American Diversified he recruited subagents of American Diversified to leave with him and engage in a competing business; and that after leaving American Diversified, McBryan formed a competing insurance agency. The plaintiff also alleged that Union Fidelity and appellee Holmer, an employee of Union Fidelity, transferred the licenses of American Diversified's subagents to McBryan's agency before those subagents' licenses with American Diversified had been cancelled. The copy of the agency contract attached to the complaint shows that subagents' licenses were terminable by Union Fidelity at any time.
Finally, the complaint alleged that after McBryan formed his own agency, Holmer and Union Fidelity supplied McBryan with information about policyholders whose policies *906 were originally written by American Diversified, inquiries from American Diversified's customers, and leads properly belonging to American Diversified. Holmer was alleged to have been acting outside the scope of his employment with Union Fidelity.
American Diversified appeals the trial court's dismissal of its amended complaint and asserts that the complaint stated a cause of action of civil conspiracy to destroy American Diversified's business by maliciously interfering with the business relationships between American Diversified and its customers, its subagents, and Union Fidelity. We agree that the amended complaint stated a cause of action for civil conspiracy.
The appellees argue that a cause of action for civil conspiracy in Florida exists only if (a) the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person, see, e.g., Regan v. Davis, 97 So.2d 324 (Fla. 2d DCA 1975) (conspiracy to interfere with plaintiff's employment as a speech therapist), or (b) the conduct complained of would not be actionable if done by one person, but by reason of force of numbers or other exceptional circumstances, the defendants possess some peculiar power of coercion, which gives rise to an independent tort of conspiracy, sometimes referred to as an "economic boycott." See Churruca v. Miami Jai-Alai, Inc., 353 So.2d 547 (Fla. 1977); Snipes v. West Flagler Kennel Club, 105 So.2d 164 (Fla. 1958); Margolin v. Morton F. Plant Hospital Association, Inc., 342 So.2d 1090 (Fla. 2d DCA 1977).
Appellant contends that a third type of civil conspiracy is recognized in Florida in addition to a conspiracy based on an independent tort or an economic boycott. Appellant argues that the defendants' actions, even if not otherwise tortious or wrongful, can become an illegal conspiracy if the motivation behind the actions is sufficiently malicious, citing Hunter Lyon, Inc. v. Walker, 152 Fla. 61, 11 So.2d 176 (1942), and Dr. P. Phillips & Sons v. Kilgore, 152 Fla. 578, 12 So.2d 465 (1943). However, we believe that neither those two cases nor any other Florida case of which we are aware stands for that contention of appellant. See Snipes and Margolin which discuss the action of civil conspiracy in Florida.
Although the court in Hunter Lyon did not state that an independent tort had been committed, the independent tort of intentional interference with business relationships as forming the basis of the conspiracy cause of action may be discerned from the facts recited in that case. It is less easy to determine what, if any, independent tort formed the basis of the conspiracy in Dr. P. Phillips, but we are guided by the supreme court's later citation of Dr. P. Phillips in Liappas v. Augoustis, 47 So.2d 582 (Fla. 1950), for the concept that the "gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy... ." In addition, neither in Hunter Lyon nor in Dr. P. Phillips did the supreme court expressly state that maliciousness will transform otherwise proper conduct into a civil conspiracy.
Thus, we must examine the allegations of appellant's complaint to determine whether appellant has stated a cause of action in civil conspiracy based on either an independent wrong or an "economic boycott." We agree with appellees that appellant has not alleged an economic boycott claim because the allegations do not show that appellees, by force of numbers or other exceptional circumstances within the requirements of Snipes, Churruca and Margolin, attempted to destroy appellant's business by acting together.
We do find, however, that appellant has stated a cause of action for civil conspiracy based upon an independent tort, specifically the tort of intentional interference with business relationships. Appellant alleged that the appellees diverted to McBryan's agency certain inquiries and leads received from appellant's customers. At that time appellees were third parties to the business relationship existing between *907 appellant and its policyholders, therefore the elements of the tort of unjustified interference with that relationship by appellees can be perceived from the complaint to wit, (a) intentional and unjustified interference, (b) by a third party, (c) with a business relationship, (d) to the damage of appellant. Ethyl Corp. v. Balter, 386 So.2d 1220, 1223 (Fla. 3d DCA 1980); Days v. Florida East Coast Railway Co., 165 So.2d 434, 436 (Fla. 3d DCA 1965).
The complaint cannot be characterized as a model of clear cut allegations of a conspiracy based on interference with business relationships. Nevertheless, under the broad pleadings concepts in this state, appellant should be given the opportunity to prove, if it can, that appellees conspired to commit the tort of interference with the business relationship between appellant and its customers. This, of course, must include proof of unjustified interference.
Other recitations of alleged wrongdoing contained in appellant's complaint, while perhaps relevant to explain the background of the interference with business relationships, do not in themselves appear to support an action for civil conspiracy. Those allegations include the cancellation of the agency contract and subagent's contracts by Union Fidelity, which are not shown to be wrongful since the contracts were terminable at will or upon notice, and McBryan's employment with appellant for a short time before forming his own agency, which is not shown to be wrongful without a noncompetition contract, absent particular allegations by appellant of malfeasance on McBryan's part, such as, theft of customer lists or other confidential information. See Renpak, Inc. v. Oppenheimer, 104 So.2d 642 (Fla. 2d DCA 1958).
In summary, although many of the allegations in the amended complaint do not state a cause of action for civil conspiracy, appellant should be allowed to proceed on those allegations of the complaint that do.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
OTT, C.J., and HOBSON, J., concur.