BARKDULL, Judge.
In 1974 the deceased, Fred R. Fehlhaber, established an inter vivos trust, subsequently thereto, his wife journeyed to California and sought a final judgment of legal separation, temporary support and determination of community property. In 1975 she secured from the California court a final judgment as to community property, determining that Mr. Fehlhaber owned substantial assets. She was awarded a money judgment in the amount of $9,947,355.37. She then proceeded to return to Florida and successfully established the California judgment in The United States District Court, Southern District of Florida. Fehlhaber v. Fehlhaber, 681 F.2d 1015 (5th Cir.1982).
In 1974, prior to entry of the aforementioned judgment, the husband, Fred, acquired a divorce in Florida. Subsequent to the Florida divorce decree, Fred married Muriel and he made certain transfers to her. Thereafter, Fred died and his son Robert, who also acted as trustee of the aforementioned trust until October 1,1984, was named as executor of his estate.
The appellant, as a judgment creditor in the estate, filed a claim against the specific assets in the trust and those transferred to the subsequent wife, Muriel, and also sought the appointment of an administrator ad litem of those assets. The executor objected to these claims (except that as a general creditor) which objections were sustained.
Thereafter, the appellant filed an original lawsuit in the circuit court and after 3 amendments it sounded in 5 counts which are as follows: Count I, a creditor’s bill seeking to set aside alleged fraudulent tranfer of assets into the revocable intervi-vos trust, Count II, an action to set aside fraudulent transfer of property to Muriel James Fehlhaber, the wife of the decedent at time of his death, Count III, an action seeking damages for civil theft pursuant to Ch. 812 Florida Statutes (1985), Count IV, sought damages for violation of the Florida RICO Act pursuant to the provisions of Ch. 895 Florida Statutes (1985), Count V, sought damages and/or other appropriate relief alleging a civil conspiracy. The trial court dismissed the third amended complaint with prejudice and we affirm. Gilpen v. Bower, 153 Fla. 733, 12 So.2d 884 (1943); Finkelstein v. Southeast Bank, N.A., 490 So.2d 976 (Fla. 4th DCA 1986); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986); Senfeld v. Bank of Nova Scotia Trust Company (Cayman) Limited, 450 So.2d 1157 (Fla. 3d DCA 1984); In Re Estate of Vettese, 421 So.2d 737 (Fla. 4th *35 DCA 1982); Churruca v. Miami Jai-Alai, Inc., 338 So.2d 228 (Fla. 3d DCA 1976); United States v. Plotke, 725 F.2d 1303 (11th Cir.1984); In Re Mortgage America Corporation, 714 F.2d 1266 (5th Cir.1983).
At the time the appellant accepted the California money judgment, rather than pursue her community property interest in the specific property owned by Fred and commence further proceedings to enforce that judgment, she waived any further right to seek a claim against the specific assets of Fred and was relegated to status of a judgment creditor. Black v. Miller, 219 So.2d 106 (Fla. 3d DCA 1969); Schulze v. Schulze, 121 Cal.Rptr.2d 75, 262 P.2d 646 (1953); Steiner v. Rowley, 35 Cal.R.2d 713, 221 P.2d 9 (1950). She possesses all rights that pertain to a judgment creditor to seek satisfaction of her money judgment, which among other things may include rights pursuant to chapter 56, Florida Statutes (1985) related to supplemental proceedings, but she does not have a right to seek relief against specific assets to the exclusion of other creditors or intervening rights. Therefore, the final judgment under review is affirmed.
Affirmed.