918 F.2d 1538
 Thomas B. KEE, CTL Insurance Corporation, a Florida
corporation, Plaintiffs-Appellants, Cross-Appellees,
v.
NATIONAL RESERVE LIFE INSURANCE COMPANY, a Missouri
corporation, Defendant-Appellee, Cross-Appellant.
 No. 89-6139.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 14, 1990.
 
 Henry J. Hunnefeld, Carusello & Hunnefeld, Coral Gables, Fla., for plaintiffs-appellants, cross-appellees.
 William J. Gallwey, III, Shutts & Bowen, Miami, Fla., for defendant-appellee, cross-appellant.
 Appeals from the United States District Court for the Southern District of Florida.
 Before JOHNSON and HATCHETT, Circuit Judges, and DYER, Senior Circuit Judge.
 JOHNSON, Circuit Judge:
 
 
 1
 This case arises on appeal from the district court's grant of summary judgment in favor of defendant National Reserve Life Insurance Company ("National") on claims brought by plaintiffs Thomas B. Kee and CTL Insurance Corporation ("CTL"). National also cross-appeals the district court's grant of summary judgment in favor of Kee and CTL on National's counterclaims. We now affirm the district court's decision on both motions.
 
 I. BACKGROUND
 
 2
 Kee was in the business of selling life insurance to the public. He acquired general agent's contracts with several insurance companies which allowed him to sell individual life insurance policies in the state of Florida. In 1981, Kee entered a general agent's contract with National and assigned his rights to payment of commissions under that contract to CTL.
 
 
 3
 Kee allegedly was in the practice of inducing the sale of policies to individuals by paying the first year's premiums out of his own pocket or with borrowed funds. For the individuals who were not inclined to renew their policies the following year, the deal afforded them a free year of coverage. For Kee, whose commission on the sale was some figure greater than one hundred percent of the first year's premium, the sale afforded him a profit in the amount of the spread between the premium he paid and the commission he received in return. Upon learning of the scheme by which Kee obtained his commissions in 1984, National terminated Kee's contract and allegedly informed other insurance companies with which he dealt about the scheme.
 
 
 4
 Kee and CTL filed suit against National in 1986, requesting an accounting of commissions allegedly owed, and alleging breach of contract, breach of implied covenant, conversion, and conspiracy. The district court granted summary judgment in favor of National on all counts. Kee and CTL now appeal the summary judgment decision only on the claims for accounting, conversion, and conspiracy.
 
 
 5
 National counterclaimed for breach of contract, breach of fiduciary duty, negligence, fraud/intentional misrepresentation, and negligence per se. Kee and CTL moved for summary judgment on the breach of fiduciary duty, negligence, and fraud counts on the ground that these claims were not separate from the breach of contract claim.[1] Kee and CTL also moved for summary judgment on the negligence per se count on the ground that the state statutes forming the basis of that count had been held unconstitutional. The court found that National had failed to present sufficient evidence to establish a prima facie case as to any of the tort counts and granted Kee's and CTL's motion for summary judgment. National now cross-appeals the district court's ruling.
 
 II. DISCUSSION
 
 6
 The district court's grant of summary judgment is subject to de novo review at the appellate level. Carriers Container Council, Inc. v. Mobile S.S. Assoc., Inc., 896 F.2d 1330, 1337 (11th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 308, 112 L.Ed.2d 261 (1990). This Court must determine whether after discovery there remained a genuine triable issue of fact or whether the movant was entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).
 
 A. Kee's Appeal
 
 7
 (1) Accounting
 
 
 8
 Under Florida law, a party seeking an equitable accounting must show the existence of a fiduciary relationship or a complex transaction and must demonstrate that the remedy at law is inadequate. Parliament Ins. Co. v. Hanson, 676 F.2d 1069, 1072 (5th Cir. Unit B 1982) (applying Florida law); F.A. Chastain Constr., Inc. v. Pratt, 146 So.2d 910, 913 (Fla.Dist.Ct.App.1962).[2] The district court found that Kee and CTL had raised an issue of fact as to the complexity of the commission/fee structure between the parties, but had made no showing that National owed a fiduciary duty to Kee or that the remedy at law was inadequate.
 
 
 9
 It appears that under Florida law the mere existence of an agency relationship such as that between Kee and National is insufficient to establish a fiduciary duty which would entitle Kee to a bill of accounting. McLeod v. Gaither, 94 Fla. 55, 113 So. 687, 688 (1927) ("[T]here is no duty on the part of the principal as there is on the part of the agent to keep an account of the dealings between them and there is no confidence reposed by the agent in the principal as there is by the principal in the agent.").
 
 
 10
 Moreover, Kee's and CTL's claim is for commissions and bonuses earned under Kee's general agent's contract. When a judgment for breach of contract is obtainable, the remedy at law is considered adequate, precluding the need for the imposition of an equitable remedy. Mary Dee's, Inc. v. Tartamella, 492 So.2d 815, 816 (Fla.Dist.Ct.App.1986). The district court was therefore correct in granting summary judgment in favor of National in the absence of a showing of these elements. Chiron v. Isram Wholesale Tours and Travel, Ltd., 519 So.2d 1102, 1103 (Fla.Dist.Ct.App.1988) (dismissing complaint requesting accounting where evidentiary facts did not show inadequacy of legal remedy).
 
 
 11
 (2) Conversion
 
 
 12
 Under Florida law, conversion is " 'an act of dominion wrongfully asserted over another's property inconsistent with his ownership of it.' " Advanced Surgical Technologies, Inc. v. Automated Instruments, Inc., 777 F.2d 1504, 1507 (11th Cir.1985) (per curiam) (quoting Belford Trucking Co. v. Zagar, 243 So.2d 646, 648 (Fla.Dist.Ct.App.1970)). Neither an obligation to pay money nor a breach of contract generally gives rise to a claim of conversion in tort. Id. Money may be the subject of a conversion only where "it consists of specific money capable of identification." Belford, 243 So.2d at 648 (giving as examples money kept in a sealed envelope or deposit bag and money held in constructive trust until the occurrence of a specified event). The district court found that under the test set out in Advanced Surgical and Belford Kee and CTL had not established a conversion claim by merely asserting that National held commissions to which Kee was entitled under the contract.
 
 
 13
 Kee and CTL contend on appeal that under the general agent's contract National was to hold in trust a portion of premiums Kee turned over to National for Kee's commissions and that these were specific, identifiable monies which may be the subject of conversion under Advanced Surgical and Belford. Kee and CTL, however, have misstated the provisions of the contract. The contract makes no provision for National to hold the commission as a "trust" and in fact states the inverse, i.e., that Kee holds the premium in trust for National until the policy is approved and accepted.[3] A plain reading of the contract thus refutes Kee's and CTL's assertion; we find nothing in the contract justifying their position. This argument is therefore without merit.
 
 
 14
 (3) Conspiracy
 
 
 15
 Civil conspiracy under Florida law requires a showing that two or more persons have taken concerted action to accomplish some unlawful purpose, or to accomplish some lawful purpose by unlawful means. Renpak, Inc. v. Oppenheimer, 104 So.2d 642, 646 (Fla.Dist.Ct.App.1958). The basis for the conspiracy must be "an independent wrong or tort which would constitute a cause of action if the wrong were done by one person." American Diversified Ins. Servs. v. Union Fidelity Life Ins. Co., 439 So.2d 904, 906 (Fla.Dist.Ct.App.1983). "[A]n act which does not constitute a [cause] of action against one person cannot be made the basis of a civil action for conspiracy." Churruca v. Miami Jai-Alai, Inc., 338 So.2d 228, 229 (Fla.Dist.Ct.App.1976), rev'd on other grounds, 353 So.2d 547 (Fla.1977).
 
 
 16
 The basis of Kee's and CTL's conspiracy claim was that National informed other insurance companies of Kee's alleged fraud and that these companies then acted in concert to destroy Kee's business by informing the state commissioner of Kee's alleged wrongdoings thus causing him to be investigated, by cancelling Kee's general agent's contracts, and by withholding commissions allegedly earned. The district court held that because none of these acts constituted an independent wrong or tort Kee had not established a prima facie case of conspiracy.
 
 
 17
 On appeal, Kee and CTL argue that the conspiracy claim should fall within the "force of numbers exception." Under this exception, the "conduct complained of would not be actionable if done by one person, but by reason of force of numbers or other exceptional circumstances, the defendants possess some peculiar power of coercion, which gives rise to an independent tort of conspiracy, sometimes referred to as an 'economic boycott.' " American Diversified, 439 So.2d at 906. A showing of mere malice is not enough. Id. The result of the defendants' concerted action "must be different from anything that could have been accomplished separately." Churruca, 338 So.2d at 230.
 
 
 18
 Applying this exception, Kee and CTL still have not made out a prima facie case of conspiracy. Each company could independently inform the insurance commissioner of its suspicions, cancel the at-will agency contracts, and withhold commissions pending resolution of the claims in court. These independent acts taken together did not amount to something larger than the sum. The "force of members" exception is intended to be a narrow one. Liappas v. Augoustis, 47 So.2d 582, 583 (Fla.1950). Kee has not met its rigorous requirement that the combination must result in a " 'peculiar power of coercion' " which " 'any individual standing in a like relation to the plaintiff would not have had.' " Id. (quoting Des Lauries v. Shea, 300 Mass. 30, 13 N.E.2d 932, 935 (1938)).
 
 B. National's Cross-Appeal
 
 19
 National counterclaimed against Kee for breach of contract and four associated torts. Kee made a motion for summary judgment as to the tort claims, and National responded to that motion. The district court granted summary judgment in favor of Kee. The court explained in its order that National bears the evidentiary burden at trial as to these claims and that National had not produced any affidavits, depositions, answers to interrogatories or admissions which showed it could establish the elements of a prima facie case on these counterclaims.
 
 
 20
 On appeal, National initially argues that the district court erred in requiring National to come forward with affidavits, etc., in support of issues upon which it would bear the burden of proof at trial. National contends that the party moving for summary judgment bears an initial burden of showing (1) the absence of a genuine dispute as to material facts and (2) that under substantive legal principles it is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 161, 90 S.Ct. 1598, 1608, 1610, 26 L.Ed.2d 142 (1970). Only when the movant has made this showing, National contends, does the burden shift to the nonmovant to come forward with affidavits or other evidence showing the existence of a genuine issue of fact. National asserts that Kee and CTL did not meet the second prong of this burden in that they failed to show that they are entitled to judgment as a matter of law. Therefore, in National's view, the district court was incorrect in finding that National had failed in its response to convince the court that there remained a triable issue because the burden had not yet shifted to National.
 
 
 21
 Under the clear dictates of Celotex v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), however, the moving party is not required to negate the nonmovant's claim. Id. at 323, 106 S.Ct. at 2552. "Consideration of a summary judgment motion does not lessen the burdens on the non-moving party: the non-moving party still bears the burden of coming forward with sufficient evidence on each element that must be proved." Earley v. Champion Internat'l Corp., 907 F.2d 1077, 1080 (11th Cir.1990) (emphasis in original). The district court found in its review of the evidence that National had not established "each element" of its prima facie case. National's failure to put forward a prima facie case means that Kee and CTL are entitled to judgment as a matter of law. The burden had therefore shifted to National to come forward with evidence sufficient to refute Kee's motion. Celotex, 477 U.S. at 325, 106 S.Ct. at 2553 (stating "the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case.").
 
 
 22
 National's substantive contention on appeal focuses upon Kee's and CTL's statement in their memorandum in support of the summary judgment motion that under Florida law a tort action is inappropriate where the claim is based on a breach of contract. Douglas v. Braman Porsche Audi, Inc., 451 So.2d 1038, 1039 (Fla.Dist.Ct.App.1984). National correctly points out that the mere existence of a contract claim does not automatically vitiate all causes of action in tort. Tort claims can be appropriate under Florida law where there is some wrongful conduct which amounts to an independent tort in addition to the conduct resulting in the contractual breach. Electronic Sec. Sys. Corp. v. Southern Bell Tel. & Tel. Co., 482 So.2d 518, 519 (Fla.Dist.Ct.App.1986). "A breach of contract," however, "cannot be converted into a tort merely by allegations of malice." Id.
 
 
 23
 But in its rush to refute Kee's and CTL's contention that tort actions cannot rest upon breach of contract, National has ignored the district court's holding that National did not come forward with evidence tending to show the elements of each of its tort claims. The Florida Supreme Court has held that "without some conduct resulting in personal injury or property damage, there can be no independent tort flowing from a contractual breach which would justify a tort claim solely for economic losses." AFM Corp. v. Southern Bell Tel. & Tel. Co., 515 So.2d 180, 181-82 (Fla.1987). Thus, as an element of the tort claims, National must allege damages in the form of personal injury or harm to property. In its counterclaim setting out each of its tort counts, however, National states that as a result of Kee's and CTL's acts "National was and has been damaged as set forth in paragraph 22 above." Paragraph 22 sets out the damages for the breach of contract claim which include money paid in commissions and bonuses, expenses in processing applications, risk of indemnity,[4] and loss of use of its money. These are, of course, all losses flowing from the contractual breach. "Where the compensatory damages requested in a count for tort are identical to the compensatory damages sought in a count for breach of contract, compensatory damages and punitive damages for the tort are not recoverable." Rosen v. Marlin, 486 So.2d 623, 626 (Fla.Dist.Ct.App.1986). See also Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229, 237 (Fla.Dist.Ct.App.1981) (stating that "since plaintiffs failed to prove that they sustained compensatory damages based on a theory of fraud which were in any way separate or distinguishable from their compensatory damages based on the contract, we conclude that the plaintiffs have failed to meet the strict pleading and proof requirements necessary to recover compensatory and punitive damages based on fraud."); but see Burton v. Linotype Co., 556 So.2d 1126, 1128 (Fla.Dist.Ct.App.1989) (reversing summary judgment in favor of the defendant on a fraud claim where it appeared possible that at trial the plaintiff could prove that the "loss of business suffered as a result of the alleged fraud is different from the loss of business occasioned by the failure of the machinery to work properly" which had been the basis of the plaintiff's breach of warranty claim). The district court was therefore correct in finding that National had not established a prima facie case on its tort claims.[5]
 
 III. CONCLUSION
 
 24
 We AFFIRM the district court's grant of summary judgment in favor of National on all claims brought by Kee and CTL. We also AFFIRM the district court's grant of summary judgment in favor of Kee and CTL on National's counterclaims.
 
 
 
 [1]
 The breach of contract claim was later dismissed without prejudice upon stipulation of the parties
 
 
 [2]
 The district court stated and National contends on appeal that the existence of all three elements (fiduciary relationship, complex transaction, and an inadequate remedy at law) must be shown to establish a prima facie case for accounting. The case law, however, appears to require merely a fiduciary relationship or in the alternative a complex transaction as the first element and an inadequate remedy at law as the second. Parliament, 676 F.2d at 1072; F.A. Chastain, 146 So.2d at 913. This point is not determinative of the outcome in the instant case, however, since Kee and CTL fail to establish the last element under both views, i.e., that the remedy at law is inadequate
 
 
 [3]
 The pertinent section of the contract reads:
 SECTION 11. The commissions herein provided shall in no case be deemed to have been earned by or be due to the General Agent [Kee] or any of his sub-agents unless and until the policy or contract has been issued by the Company [National], delivered by the General Agent or his sub-agent, accepted by the applicant and the first premium thereon duly paid, and until such delivery and acceptance, the General Agent or his sub-agent shall hold all moneys received, including collections of any funds, payments, or otherwise as a special trust, separate and distinct, without any right of offset, and shall pay over the same in cash forthwith to the Company or to the applicant or policyholder, as the case may be.
 
 
 [4]
 None of the insured policyholders died during the free year of coverage. National therefore did not have to pay out benefits under the policies
 
 
 [5]
 National also argues that the district court erred in granting summary judgment in favor of Kee and CTL on its claim of negligence per se, the fourth of National's tort claims. Kee and CTL alleged in their motion for summary judgment that the particular Florida statutes establishing a duty of agents to insurers which Kee had allegedly violated had been held unconstitutional. See Department of Ins. v. Dade County Consumer Advocate's Office, 492 So.2d 1032 (Fla.1986) (holding the prohibition of rebate portions of Secs. 626.611(11) and 626.9541(1)(h)(1) unconstitutional because they limited consumer bargaining power without legitimate state purpose). National contends that other portions of these code sections were not found unconstitutional and therefore can be the basis of a negligence per se claim. Though National may well be correct in this assertion, it still has not shown that the damages it suffered as a result of violation of this section differ from those suffered as a result of the breach of contract. National's argument on this point is therefore irrelevant