TORPY, J.,
concurring specially.
I agree that the court erred in dismissing the complaint based on the bankruptcy discharge. Even though the complaint does not state a cause of action, Appellant should be permitted to file a second amended complaint. I write to express my pessimism that Appellant can ever state a cause • of action against Appellee under the theory advanced. Appellant la *1123 bels his claim a “Churruca” conspiracy, which is based on Churruca v. Miami Jai-Alai, Inc., 353 So.2d 547 (Fla.1977). This theory of conspiracy has very limited application. It only apples when two or more people are able to use their combined power to inflict an economic injury. The power must be peculiar to the combination and distinct from the power an individual would possess. Here, Appellant complains about various improprieties in connection with his divorce/custody case, none of which necessarily flow from any peculiar power of the alleged combination. Pleading the word “conspiracy” repeatedly does nothing. Appellant must plead facts to show that the combination exists and that the combination has some unique coercive power that was used to cause economic harm to Appellant. Compare Walters v. Blankenship, 931 So.2d 137 (Fla. 5th DCA 2006).